### C. W. HAHL v. C. C. KELLOGG.

#### Decided April 18, 1906.

**1.—Principal and Agent—Loyalty and Good Faith.**

The relation of principal and agent is fiduciary, requiring the most perfect loyalty and the utmost good faith, the strictest integrity and the fairest dealing on the part of the agent to his principal.

**2.—Same—Fraud—Forfeiture of Compensation.**

Where an agent has been guilty of such misconduct as amounts to treachery, or has wholly failed to recognize the duties and responsibilities imposed upon him by his situation, he is not entitled to compensation for services rendered.

**3.—Same—Same.**

Where an agent made a sale of land belonging to his principal, and reported the sale as having been made at a price less than that actually received, in 'a suit by the principal for the difference, the agent is not entitled to compensation for making the sale.

**4.—Findings of Law and Facts—Exceptions not Necessary—When.**

It is not necessary to take exception to findings of law and facts when there is a statement of facts in the record in order to review them on appeal.

**5.—Same—"Error Apparent on Face of Record."**

Appellate Courts will consider errors apparent on the face of the record, although not objected to below. By an "error apparent on the face of the record" is meant "a prominent error, either fundamental in its character, or one determining a question upon which the very right of the case depends."

Error from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*L. B. Moody,* for plaintiff in error.—The court erred in his fourth conclusion of law, in that he finds that Hahl became liable to Kellogg for the difference between $29,500 and $22,000, less $1,000 compensation, although it appears from the evidence, and also from the court's findings of fact, that Hahl received in cash only two-thirds of $9,500, of which he paid to other agents $2,000 for their assistance in making the sale, and remitted $2,000 to the defendant in error.

The court erred in concluding that the plaintiff was entitled to judgment against Hahl for $6,500, and in rendering and entering judgment accordingly, because it appears from all the evidence in the case, and from the court's findings of fact, that Hahl only received $6,333.33, of which $2,000 was paid out to Ricker and Lehman for their assistance in making the sale, and $2,000 was paid to defendant in error, which would leave $2,333.33 1-3, and deducting therefrom the $1,000 of which the court found Hahl was entitled to as commission, would leave Hahl liable, if at all, for only $1,333.33 1-3.

*Hutcheson, Campbell & Hutcheson,* for defendant in error.—The utmost good faith and integrity is required of agent toward principal: Scott v. Mann, 36 Texas, 164; Bain v. Brown, 56 N. Y., 285; Trice v. Comstock, 61 Law Rep. Ann., 176; Huffcut on Agency, secs. 90, 91.

Agent prohibited from making profit out of principal's business. Bell v. Maximos, 85 Texas, 140; Armstrong v. O'Brien, 83 Texas, 648; Satterthwaite v. Loomis, 81 Texas, 64; Am. & Eng. Ency. of Law, vol. 1, pp. 1072, 1073.

When agent knows that principal can get better price than that asked, his duty is to notify him. Am. & Eng. Ency. of Law, vol. 1, p. 1069; Holmes v. Cathcart, 60 Law Rep. Ann., 734; Hegenmyer v. Marks, 37 Minn., 6.

Agent bound to advise principal of everything material to his interest. Am. & Eng. Ency. of Law, vol. 1, pp. 1069, 1070.

Case involving acts of agent, burden on agent to prove everything fair and just. McCormick v. Malin, 5 Black (Ind.), 509.

Gross neglect or misconduct on the part of an agent amounts in law to a complete forfeiture of all right to claim for compensation from his principal. Nugent & Co. v. Martin, 1 Texas Court of Appeals Civil Cases, sec. 1173; Storey on Agency, secs. 331, 334, pp. 410-412 and notes; Stewart v. Mather, 32 Wis., 344.

NEILL, Associate Justice.—C. C. Kellogg sued C. W. Hahl to recover $8,000 alleged to be due him from the proceeds of the sale of lands of plaintiff which were sold for him by defendant as his agent, such proceeds having been received by defendant, as such agent, and never paid to plaintiff. The defendant having answered by a general denial, and the case being tried without a jury judgment was rendered in favor of plaintiff for $6,500 from which this writ of error is prosecuted. Besides the assignments of error filed by defendant, cross-assignments of error were filed by plaintiff.

*Conclusions of Fact.*—C. C. Kellogg, an old man who resides in the State of Illinois, having purchased through. C. W. Hahl as his agent, one thousand acres of land near Houston, Texas, in the fall of 1902 placed it in the hands of Hahl as his agent to sell for him, with the understanding and agreement that if he effected a sale on satisfactory terms within twelve months from that time he (Hahl) should receive from the proceeds two dollars per acre; but that if a sale was not effected within that time he should only receive one dollar per acre for a sale made by him as such agent afterwards. No price was fixed upon the land by plaintiff, the understanding being that Hahl should sell it for him at the best price he could obtain.

On March 9, 1904, the plaintiff received in Clinton, Illinois, this telegram: "Sold your land twenty-two thousand to you," which was addressed to him there, signed by Hahl and sent at his instance by wire to plaintiff, who understood from it that the price Hahl had sold the land for was $22,000 plus his commission of a dollar per acre, as previously agreed upon between them. Wherefore, laboring under such belief, the plaintiff, in answer to the telegram, at once wired Hahl at Houston as follows: "Accept if nets me that amount cash." The

evidence, however, shows without contradiction that the land was sold by Hahl as plaintiff's agent to Messrs. Ricker, Crow, Smith and Schmidt for $29,500, instead of $22,000, the price which Hahl telegraphed plaintiff that he had sold it for. Of the sum of $29,500 which the land was actually sold for $9,500 was paid to Hahl in cash, and notes executed to Kellogg, reserving a vendor's lien on the premises for $20,000, the balance of the purchase money. That, for the purpose of concealing from plaintiff the price for which he had sold the land, Hahl represented to plaintiff that the purchasers contemplated organizing a company to take and hold the property and, to that end, it was desired that the deed thereto should be made to a trustee, prepared and sent plaintiff a deed to be executed conveying the premises to defendant as trustee, which expressed a consideration of $23,000, reciting that $3,000 thereof was cash and the balance, $20,000, in five vendor's lien notes, executed by Hahl as trustee, aggregating $20,000. This deed was executed by plaintiff under the belief that it expressed the real consideration for which his agent Hahl had sold the land, whereupon Hahl sent him $3,000 cash and the notes for $20,000, making the amount that Hahl represented to him he had sold the land for, Hahl retaining $7,500, of which he gave one Lehman and E. H. Ricker $1,000 each for in some way assisting him in the matter.

These are the conclusions, stated briefly, found by the trial judge, by whom the reasons, based upon the facts and circumstances stated from the evidence, are given for his reaching such conclusions. Before reaching them ourselves, we carefully examined and considered the evidence in the record; from which, in our judgment, no other intelligent conclusions can justly be deduced. They show without the necessity of comment or argument, the character of the transaction, which may be expressed in one word—*"fraudulent."*

*Conclusions of Law.*—It is hardly necessary to state the law applicable to the facts disclosed by this record. It has been known and recognized by mankind throughout all the ages. It is written in the ten commandments, on the twelve table, in the laws of every nation and in the heart of every man.

Nor is it necessary to state that the relation of principal and agent is fiduciary, requiring the most perfect loyalty and the utmost good faith, the strictest integrity, and the fairest dealing on the part of the agent to his principal. (Perry on Trusts, sec. 206; Bigel. on Fraud, 295; Kerr on Fraud, 152, 182; Whart. Ag., 244, 245; Mech. Ag., secs. 465, 469, 470, 643.) Therefore, from the principles of law and equity applicable to the facts in this case, it follows that the court did not err, as is urged in defendant's assignments, in rendering judgment in favor of plaintiff against Hahl for $6,500. This disposes of the assignments of error of the plaintiff in error.

By defendant in error's cross-examination it is contended that the court erred in not rendering judgment in his favor for $7,500 for the reason that Hahl as an agent was guilty of such fraud, gross misconduct and bad faith to his principal as to deprive him of the right to compensation for his services. Upon the question presented by this assignment the trial judge expressed doubt, not as to the facts, but as to the

law, upon which he deemed the authorities conflicting and resolved the doubt in favor of the defendant.

The rule upon this question, as we understand it, is that where an agent is guilty of such misconduct as amounts to treachery, or has wholly failed to recognize the duties and responsibilities imposed upon him by his situation, he should receive no compensation whatever. (Mecham on Agency, sec. 619; Story on Agency, secs. 333, 334; Brannan v. Strauss, 75 Ill., 234; Myers v. Walker, 31 Ill., 354; Sumner v. Reicheniker, 9 Kan., 320; Cleveland & St. L. R. Co. v. Patison, 15 Ind., 70; Vennum v. Gregory, 21 Iowa, 328; Sea v. Carpenter, 16 Ohio, 412; Libhart v. Wood, 1 Watts & S., 265; Segar v. Parrish, 20 Grat. (Va.), 672; Neilson v. Bowman, 29 Grat., 732; Jackson v. Pleasanton, 43 S. E. Rep. (Va.), 574; Jensen v. Williams, 20 Law Rep. Ann., 207; Peterson v. Mayer, 46 Minn., 468, 49 N. W. Rep., 244; Lahr v. Kraemer, 97 N. W. Rep. (Minn.), 419.) "To this extent," says Mecham on Agency, "the law is well settled." And after an extensive examination of the authorities the writer has been unable to find or recall an exception to the principle as stated.

Wherefore, we conclude that the defendant was not, under the facts in this case, entitled to retain a thousand dollars as commission for the sale, and that the judgment should have been for that sum in addition to the $6,500. Therefore the judgment will be amended by adding that sum to the amount rendered by the trial court, thus making the judgment in favor of plaintiff against the defendant Hahl $7,500, and as so amended the judgment is affirmed.

*Amended and affirmed.*

### ON MOTION FOR REHEARING.

Our findings of fact are not different from those of the trial judge. Such conclusions are, without argument, simply more concisely stated by us than by his honor; but are, in substance, the same.

The only question upon which we differ from the trial court is upon plaintiff in error's right, under the undisputed facts, to retain a thousand dollars as commissions for effecting the sale of the land. This is purely a question of law, which arose upon the trial from the pleadings and indisputable evidence, and was decided adversely to defendant in error. It is contended in this motion that, because no exceptions was taken by defendant in error to the conclusion of law and fact, nor to the judgment of the court below, we could not consider defendant's cross-assignment of error, which complains that the court erred in not rendering judgment in his favor for $7,500 for the reason that Hahl, as an agent, was guilty of such fraud, gross misconduct and bad faith to his principal as to deprive him of the right to compensation for his services.

It is settled by an unbroken line of authorities that it is not necessary to take exceptions to findings of law and facts when there is a statement of fact in the record in order to review them on appeal. (Voight v. Mackle, 71 Texas, 78; Smith v. Abadie, 67 S. W. Rep., 1077; Brenton v. Peck, 87 S. W. Rep., 903.)

Besides, a well-established exception to the general rule—that an Ap-

pellate Court will not consider objections first raised on appeal—exists in case of errors apparent on the face of the record; these may be considered by the court though not objected to below. McNairy v. Castleberry, 6 Texas, 286; Booth v. Todd, 8 Texas, 137; Hollingsworth v. Holshousen, 17 Texas, 41; Wilson v. Johnson, 94 Texas, 272, 60 S. W. Rep., 243; San Antonio Traction Co. v. Yost, 88 S. W. Rep., 428; 2 Cyc. Law & Procedure, 678. By an error "apparent upon the face of the record" is meant "a prominent error, either fundamental in its character or one determining a question upon which the very right of the case depends." (Wilson v. Johnson, supra.)

We are satisfied that the error complained of in defendant in error's cross-assignment, falls within the exception to the general rule, that an Appellate Court will not consider objections first raised on appeal. For it consists in an erroneous enunciation and application of the law to the facts indisputably shown by the evidence. It is analogous to a charge which shows upon its face a misapprehension of the law pertinent to the issues made by the pleadings and the evidence, which is not required to be excepted to in the trial court in order that the error may be revised on appeal. The conclusion of law complained of is an error "determining a question upon which the very right of the case depends," insofar as one thousand dollars of the money sued for is concerned. And is directly contrary to the well-established principle of law, that "where an agent is guilty of such misconduct as amounts to treachery or has wholly failed to recognize the duties imposed upon him by his situation, he should recover no compensation whatever," which is not gainsaid in this motion and is directly applicable to the undisputed facts. This demonstrates an error apparent from the face of the record, such as may be considered when raised for the first time on appeal, and distinguishes this case from those relied upon by plaintiff in error which fall within the general rule, that an Appellate Court will not consider objections first raised on appeal.

As is said in McNairy v. Castleberry, *supra*: "It is very apparent from the record that an error was committed in the court below, in rendition of the judgment, not to the prejudice of the plaintiff in error, but to the injury of the defendant in error. This error being apparent on the record, we are authorized to notice it. And, there being sufficient on the record to show what the judgment ought to be, we are competent to reverse and render it, as it appears from the record it ought to be." This has been done, and the motion for rehearing is now overruled.

                                                              *Overruled.*

Writ of error refused.