## DAVIDSON v. PATTON.

(Court of Civil Appeals of Texas. Amarillo. June 1, 1912.)

1. APPEAL AND ERROR (§ 281*)—RECORD—ASSIGNMENTS OF ERROR.

Under rule 24 for Courts of Civil Appeals, as amended January 24, 1912 (142 S. W. xii), providing that assignments of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial, and assignments of error not so set forth and specified shall be considered as waived unless fundamental, assignments of error cannot be reviewed unless they were embodied in a motion for a new trial filed in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661; Dec. Dig. § 281.*]

2. APPEAL AND ERROR (§ 743*)—RECORD—ASSIGNMENTS OF ERROR.

Under rule 25 for Courts of Civil Appeals, as amended January 24, 1912 (142 S. W. xii), requiring assignments of error in specifying errors to refer to that portion of the motion for a new trial in which the error was complained of, assignments of error cannot be reviewed unless they point out the portion of the motion for a new trial in which the assigned error was called to the trial court's attention.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999–3011; Dec. Dig. § 743.*]

3. APPEAL AND ERROR (§ 748*) — ASSIGNMENTS OF ERROR—RULES OF COURTS—NON-COMPLIANCE.

A review of assignments of error on an appeal perfected February 23, 1912, from a judgment rendered January 25, 1912, should not be denied for failure of the appellant to comply with the requirements of the amendments of January 24, 1912, to the rules for Courts of Civil Appeals, in view of the short time elapsing after the amendment before the appeal was prosecuted, especially as the rules were not adopted for the purpose of depriving litigants of substantial rights, but for the purpose of relieving appellate courts of labor and expediting their work.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3058–3064; Dec. Dig. § 748.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action between A. Davidson and J. H. Patton. From the judgment, Davidson appeals. On motion to strike out appellant's assignments of error. Overruled.

Crudgington, Works & Umphres, of Amarillo, for appellant. Cooper, Merrill & Lumpkin, of Amarillo, for appellee.

GRAHAM, C. J. This cause is now before us on a motion by appellee to strike out appellant's assignments of error brought forward in his brief, based upon the proposition that no motion for a new trial was filed in the court below in which the alleged errors were called to the attention of the trial court.

The record shows that the judgment from which this appeal was prosecuted was rendered in the county court of Potter county, on January 25, 1912, and the transcript fails to show that any motion for a new trial was filed in the court below; the appeal bond having been approved and filed in that court on February 23, 1912.

[1, 2] As we construe rule 24 (142 S. W. xii) for the government of the Courts of Civil Appeals, as amended by our Supreme Court on January 24, 1912, this court should not consider an assignment of error except the error complained of shall have been embodied in a motion for a new trial filed in the trial court, and we take this means of calling attention of the bar to the fact that we so construe said rule, and also that we so construe rule 25 (142 S. W. xii), as amended by the Supreme Court, on January 24, 1912, as to require that the assignment of error itself point out the portion of the motion for a new trial in which the error complained of in the assignment was called to the attention of the trial court.

[3] The record in this case, however, showing that the judgment appealed from was rendered on January 25, 1912, and the appeal therefrom perfected on February 23, 1912, while the rules in this controversy were only amended on January 24, 1912, we think in view of the fact that the amended rules as promulgated did not reach the bar generally until some time after their promulgation, as amended, it would be rather a harsh application of the rule to strike out the assignments of error in this case, as prayed for by appellee, especially in view of the fact that the rules themselves primarily have been adopted for the purpose of relieving the appellate courts from labor and expedite the work therein, and not primarily for the pur-

pose of depriving a litigant of any substantial right he may have had.

Had a reasonable time elapsed after the amendment of the rules before the appeal in this case was prosecuted, we would not hesitate to apply the rules as amended and strike out appellant's brief because of failure to comply therewith; but for the reasons above given we have concluded that the ends of justice would be best subserved by overruling the motion in this case.

The motion will therefore be overruled, and it is so ordered.