SAN ANTONIO & A. P. RY. CO. v. TUCKER.

(Court of Civil Appeals of Texas. Austin. March 26, 1913. On Motion for Rehearing, May 14, 1913.)

On Motion for Rehearing.

1. APPEAL AND ERROR (§ 743*)—ASSIGNMENTS OF ERROR—REFERENCE TO MOTION FOR NEW TRIAL.

Since objections to charges given and refused need not be set up in the motion for new trial, assignments of error alleging error in the charges need not refer to the motion for new trial as required by rule 25 (142 S. W. xii).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

2. APPEAL AND ERROR (§ 882*)—ESTOPPEL TO ALLEGE ERROR.

Where a charge on contributory negligence is in the exact language of defendant's plea of contributory negligence, defendant may not complain.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882;* Pleading, Cent. Dig. § 1145½.]

3. APPEAL AND ERROR (§ 216*)—OBJECTIONS—INSTRUCTIONS—REQUESTS.

If a charge is correct as far as it goes, appellant may not complain where he does not request a further instruction.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. §§ 627–641.]

4. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

A charge that the issues raised by these charges constituted contributory negligence was on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194;* Negligence, Cent. Dig. § 360.]

5. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS.

Where several specific acts of negligence are relied upon for recovery, and the evidence is sufficient to warrant a finding upon any two or more of them, it is harmless error for the court to refuse an instruction directing a finding in favor of defendant on one alone, where there is a general verdict in behalf of plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068;* Trial, Cent. Dig. § 525.]

6. EVIDENCE (§ 219*) — ADMISSIONS — COMPROMISE AND SETTLEMENT — ACCIDENT INSURANCE.

In an action for injuries to a servant, defendant may not show a settlement, the result of a compromise, by plaintiff with an insurance company on an accident policy.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 760, 761; Dec. Dig. § 219.*]

Appeal from District Court, Milam County; J. C. Scott, Judge. .

Action by J. E. Tucker against the San Antonio & Aransas Pass Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

R. J. Boyle, of San Antonio, and Henderson, Kidd & Gillis, of Cameron, for appellant. J. R. Norton and James Routledge, both of San Antonio, and W. A. Morrison, of Cameron, for appellee.

RICE, J. This suit was brought to recover damages for personal injuries alleged to have been sustained by appellee while in the employ of appellant, resulting from a collision between appellant's freight train, and a hand car upon which he was engaged at work, charging various acts of negligence which brought about the collision. Defendant, after interposing a general demurrer and a general denial, answered, in substance, that the plaintiff's injuries were the result of his own negligent, rash, and reckless conduct, and that he had ample time to have avoided the injuries to himself, if he had obeyed the orders of his foreman to leave the hand car and go to a place of safety. There was a jury trial, resulting in a verdict and judgment for appellee, from which this appeal is prosecuted. There are seven assignments of error, all of which, except one, complain of certain paragraphs of the court's charge, and the refusal to give certain special charges requested by appellant. None of said assignments refer to the motion for new trial, or that part thereof complaining of the matters involved therein, as required by rule 25 for the government of this court adopted by the Supreme Court January 24, 1912. This omission has been called to our attention by appellee, who insists that the assignments should not be considered by us, and the case affirmed without reference to its merits; his objection being based on a noncompliance with rules 24 and 25 for the government of this court (142 S. W. xii).

The case was tried on the 24th day of April, 1912; the amended motion for new trial and the assignments of error were filed, respectively, on the 27th of May and the 26th of July, 1912. These rules were adopted on the 24th of January, 1912, and were officially published in 142 S. W. vii, which was issued and went into the hands of the profession about the middle of April of said year.

In the case of Davidson v. Patton, 149 S. W. 757, and St. Louis S. W. Ry. Co. v. Ledbetter, 153 S. W. 646, as well as the case of Tinsley v. Bottom, decided by this court March 19th, not yet published, it was held that a failure to comply with said rules, where objection is made by the opposite side, required the court to hold said assignments as waived and disregard same; except in

the last case referred to, where the assignment was considered, because it appeared that the case was tried and the appeal prepared so soon after the promulgation of said rules as to warrant the belief that they had not come to the knowledge of counsel. See, also, Sargent et al. v. Barnes, 159 S. W. 366, this day decided by this court, wherein the question involved is fully discussed and a like ruling made.

However, it was urged by counsel for appellant at the hearing that paragraphs 9 and 10 of the court's main charge, upon which are predicated assignments Nos. 1 and 2, constituted fundamental error. We have carefully examined same and disagree with counsel in this respect.

Believing that the rules of the court should be observed, and that a noncompliance therewith (especially when insisted upon by opposing counsel) is sufficient ground for disregarding the assignments, we conclude that in the instant case the assignments should be regarded as waived, and the judgment of the court below affirmed, and it is so ordered.

Affirmed.

### On Motion for Rehearing.

[1] This case was heretofore affirmed without reference to the merits, on the ground that appellant's brief did not conform to the rules in that the assignments of error did not refer to that part of the motion for new trial wherein the error was complained of. This ruling has been challenged by counsel for appellant in their motion for rehearing, since which time Chief Justice Brown, in M., K. & T. Ry. Co. v. Beaseley, 155 S. W. 187, has construed the recent rule with reference to this question, holding that it was not necessary that objections to charges given and refused should be set up in the motion for a new trial.

Under the authority of that case, we recede from our former holding, and will now take up and discuss the questions presented by appellant in its brief.

[2, 3] By its first and second assignments appellant insists that the court erred in the ninth and tenth paragraphs of its main charge to the jury, in this, that said paragraphs, in effect, instructed the jury that plaintiff's failure to obey the order of the foreman and leave the hand car would not be contributory negligence, unless his conduct in so failing and refusing was rash and reckless. These charges are not open to this objection; besides, as far as they went, they were unquestionably the law of the case. They were likewise in the exact language of defendant's plea of contributory negligence; and, certainly, it cannot insist that the court erred in giving the charge in accordance with its own line of defense. Being correct as far as they went, if appellant desired an additional charge it should have requested it.

[4, 5] The court properly refused to give special charges Nos. 4, 5, and 6, forming the basis of its third, fourth, and fifth assignments of error, for the reason that they are upon the weight of evidence in that the jury are told that the issues raised by these charges constituted contributory negligence; whereas, the issue of contributory negligence vel non presented by them should have been submitted to the jury for a finding thereon. Where several special acts of negligence are relied upon for recovery, as in the present case, and the evidence is sufficient to warrant a finding upon any two or more of them, it is harmless error for the court to refuse an instruction directing a finding in favor of defendant on one alone, where there is a general verdict in behalf of plaintiff; for which reason the court properly refused to give appellant's special instruction No. 7.

[6] At the time of his injury, plaintiff had an accident policy in the Continental Casualty Company. Appellant offered to show a settlement by plaintiff with said company, indemnifying him for time lost by reason of the injuries inflicted upon him in this collision. Upon objection this evidence was excluded, for the reason that it clearly appears from the bill of exception that such settlement was made in compromise of plaintiff's claim, and therefore could not be put in evidence against him over his objection.

Finding no error in the proceedings of the trial court, the motion for rehearing is overruled.

Motion overruled.