RIO GRANDE & E. P. R. CO. v. KINKEL et ux.

(Court of Civil Appeals of Texas. El Paso. May 15, 1913. On Rehearing, June 26, 1913.)

1. APPEAL AND ERROR (§ 743*)—ASSIGNMENTS OF ERROR—REQUISITES AND SUFFICIENCY.

Assignments of error making no reference to the motion for a new trial, as required by rule 25 for Courts of Civil Appeals (142 S. W. xii), will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

On Rehearing.

2. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—NECESSITY.

The giving of a peremptory instruction will be treated as raising a question of fundamental error, and will be reviewed without any assignment of error.

[Ed. Note.—For other cases, see Appeal and Erro, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

3. TRESPASS TO TRY TITLE (§ 9*)—SUFFICIENCY OF TITLE TO SUPPORT ACTION.

Where a canal company which had no right of title to land over which it constructed a canal gave a railway company verbal commission to construct a switch thereon, the railway company was a naked trespasser within the rule that prior possession, coupled with some sort of written title, is sufficient in trespass to try title as against a naked trespasser.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 12; Dec. Dig. § 9.*]

4. APPEAL AND ERROR (§ 909*) — PRESUMPTIONS IN SUPPORT OF JUDGMENT.

In trespass to try title, where the trial court decided against defendant's claim of title by limitation in a third party under whom it claimed, and the record did not show when the suit was filed, it would be presumed that it was filed in time to stop the running of limitations.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3675; Dec. Dig. § 909.*]

5. TRESPASS TO TRY TITLE (§ 38*)—PRESUMPTIONS AND BURDEN OF PROOF.

In trespass to try title by a party relying on prior possession coupled with some sort of a written title against an oral licensee of a party who took possession without any right or title, the burden was on defendant to prove that its licensor acquired title by limitation.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

6. WATERS AND WATER COURSES (§ 242*)—IRRIGATION COMPANY—RIGHT OF WAY—EXTENT OF INTEREST ACQUIRED.

Where the document under which an irrigation company took possession of land recited that the width of its projected canal was 40 feet and the depth 3 feet, with the right under an act of the Legislature to claim, purchase, and condemn 100 feet in width, it acquired no more than an easement in the land.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 147, 307; Dec. Dig. § 242.*]

7. TRESPASS TO TRY TITLE (§ 18*)—DEFENSES —RIGHTS OF THIRD PERSONS.

That a third party had an easement in land did not prevent the recovery of title and possession as against an oral licensee of such third person.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 21; Dec. Dig. § 18.*]

8. TRESPASS TO TRY TITLE (§ 9*)—SUFFICIENCY OF TITLE TO SUPPORT ACTION.

In trespass to try title against a naked trespasser, where plaintiffs relied on prior possession under a deed, it was immaterial that the deed to their grantor did not cover the land in question where the grantor's deed to them did cover such land.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 12; Dec. Dig. § 9.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by C. A. Kinkel and wife against the Rio Grande & El Paso Railroad Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Turney & Burges and Bates McFarland, all of El Paso, and Terry, Cavin & Mills, A. H. Culwell, and Jno. G. Gregg, all of Galveston, for appellant. Chas. A. Kinkel, F. G. Morris, and S. B. Gillett, all of El Paso, for appellees.

HARPER, C. J. Appellees instituted this suit February 26, 1908, in trespass to try title to parts of the Mundy Heights addition to the city of El Paso, Tex., claiming same by three, five, and ten years statute of limitation. Defendant Rio Grande & El Paso Railroad Company answered by plea of not guilty, and specially that title to said land was in the El Paso Canal Company. Plaintiffs recovered judgment, from which this appeal is taken.

[1] Because the assignments of error as filed in the trial court do not make any reference to the motion for new trial, as required by rule 25 of this court (142 S. W. xii), they will not be considered by this court. Davidson v. Patton, 149 S. W. 757; Murphy v. Earl, 150 S. W. 486; Railway Co. v. Ledbetter, 153 S. W. 646; Railway Co. v. Gray, 154 S. W. 229.

No fundamental error appearing, the judgment of the lower court is affirmed.

On Rehearing.

[2] In this case a peremptory instruction to the jury was given in favor of appellees. This court in its original opinion declined to consider the various assignments because they did not refer to that portion of the motion for a new trial in which the error was complained of, as required by amended rule 25. In Hough v. Fink, 141 S. W. 147, Southern Pine Lbr. Co. v. Arnold, 139 S. W. 917, and Olivarri v. Tel. Co., 116 S. W. 392, it was held that a peremptory instruction improperly given raised a question of fundamental error which it was the duty of the court to

review without an assignment. We do not concur in the view that it is a matter of fundamental error, nor do we think it such an error apparent upon the face of the record as would authorize the court to review the action of the trial court in this respect except upon proper assignment. Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85; Adams v. Faircloth, 97 S. W. 507; Hahl v. Kellogg, 42 Tex. Civ. App. 636, 94 S. W. 389. This difference of opinion, however, affects merely a question of appellate procedure in a comparatively limited number of cases, and we do not regard it as of sufficient importance to warrant a dissent. In deference to the decisions in the cases cited, we therefore treat the action of the court in giving a peremptory instruction herein as raising a question of fundamental error which should be disposed of upon its merits. In opinion upon rehearing rendered by this court in El Paso Electric Railway Co. v. Lee, 157 S. W. 748, not yet officially reported, we state at length our reasons for declining to follow Railway Co. v. Beasley, 155 S. W. 187.

[3] In 1878 or 1879 the property sued for was fenced and a house built on it, or in close proximity thereto, and hogs were kept in said inclosure for some time. The evidence is conflicting as to how long the lots in controversy were inclosed, but undisputed for two or three years; and the tenants of H. M. Mundy lived in the house and looked after the hogs. H. M. Mundy thereafter conveyed by deed duly executed and acknowledged the property so inclosed to the appellees herein. For many years intervening the property was vacant. The Franklin Irrigation Company some time after 1897 constructed its canal over a portion of some of the lots sued for, and in 1904 or 1905 C. O. Coffin, as manager of the said company, gave the Rio Grande & El Paso Railway Company verbal permission to put the switch where it is now maintained. No evidence in the record that he was authorized to do so by the directors. No evidence in the record that the said Canal Company had any right, title, or interest in the fee of the lots sued for, unless it was acquired by limitation; no evidence that the Canal Company acquired title by purchase or condemnation.

The assignments all complain of the action of the trial court in giving a peremptory instruction for the appellees, urged under various propositions; the first charges that the court erred because the charge was based on prior possession of appellees, coupled with some sort of written title, as against the assumed bare possession of appellant as a naked trespasser upon the land sued for, because the record shows that the Franklin Irrigation Company, through its manager, C. O. Coffin, gave permission for appellant to

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

put its railroad switch on and over the portion of the lots used by appellant; therefore appellant was not a naked trespasser. The evidence discloses that the said Canal Company, incorporated under the laws of Texas, took possession of a portion of the lots sued for and constructed its canal thereon, but there is no evidence in the record that the Canal Company had any right or title to the land so taken, so it follows that the appellant could acquire, by verbal permission, no more right to occupy the land than the Canal Company had. The evidence further shows undisputed possession, and the testimony is that the appellees' grantor had possession for from two to ten years, and prior to that of the Canal Company. In Watkins v. Smith, 91 Tex. 590, 45 S. W. 560, the Supreme Court held that such prior possession entitles appellees to judgment against appellant, unless the latter shows a prima facie title. He does this when he deraigns title from the sovereignty of the soil down to himself, etc., citing many cases. Thus we see that appellant, under the undisputed facts, is a naked trespasser, and as such appellees were entitled to recover judgment against him.

[4-6] But appellant urges that the Irrigation Company had acquired title by limitation of 10 years, and that it thereby was empowered to give the appellant lawful authority to enter. There is nothing in the record to show when that suit was filed, so it will be presumed that it was filed in time to stop the running of the statute, the burden being upon appellant to prove title by limitation (Texas & N. O. Railway Co. v. Speights, 94 Tex. 350, 60 S. W. 659); besides, the document under which the Irrigation Company took possession contains the following: "The undersigned appropriators further state that the width of the said projected canal is forty feet and the depth is three feet, with the right under said act of the Legislature to claim, purchase and condemn one hundred feet in width."

[7] The Canal Company's possession, therefore, amounts to no more than an easement over appellees' land; and, if it be conceded that the Canal Company acquired rights thereby, it could be no obstacle to their recovery of title and possession against appellant. Hays v. T. & P. Ry. Co., 62 Tex. 397; Cooper v. Smith, 9 Serg. & R. (Pa.) 33, 11 Am. Dec. 658.

[8] The appellant further insists that the witness Owen, for appellees, testified that the property sued for is not covered by the field notes of appellees' petition. We do not so find the facts to be. He testifies that the deed from Hart's estate to H. M. Mundy does not cover the land sued for, but he does testify that the deed from H. M. Mundy to L. Kinkel covers the lots sued for. The deed from the Hart estate to Mundy is not in the statement of facts, but, if it were, the only

deed that is material to this inquiry is that from Mundy to appellee, and that is only evidence of the fact that any right acquired by said Mundy to the property in question by occupancy inures to the benefit of appellees by virtue of the fact that the latter has acquired such right by deed from Mundy.

This disposes of all the assignments of error suggested by appellant, and we find no fundamental error; therefore the judgment of the lower court is affirmed.