## NUNN v. VEALE.

(Court of Civil Appeals of Texas. Amarillo. June 1, 1912.)

1. APPEAL AND ERROR (§ 281*)—REVIEW—MOTION FOR NEW TRIAL—NECESSITY.

The only purpose of the amendments of January 24, 1912, to rules 24 and 25 (142 S. W. xii) for Courts of Civil Appeals is to require a motion for a new trial in all cases as a prerequisite to the consideration of assignments of error based thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661; Dec. Dig. § 281.*]

2. APPEAL AND ERROR (§ 722*) — ASSIGNMENTS OF ERROR—SUFFICIENCY.

Under rules 24 and 25 for Courts of Civil Appeals, as amended January 24, 1912 (142 S. W. xii), so as to require a motion for a new trial in all cases as a prerequisite to a review of assignments of error, assignments of error are not required to be any more specific or definite than was required prior to the amendment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

3. APPEAL AND ERROR (§ 302*)—MOTION FOR NEW TRIAL—SPECIFYING ERRORS.

Under rules 24 and 25 for Courts of Civil Appeals, as amended January 24, 1912 (142 S. W. xii), so as to require a motion for a new trial in all cases as a prerequisite to a review of assignments of error, the errors complained of need not be set out in the motion for a new trial any more fully or with any greater degree of certainty than was formerly, or is now, required in the assignments of error based thereon, and the grounds for new trial specified in the motion may be held sufficient even if more general than is permitted in assignments of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

4. APPEAL AND ERROR (§ 722*) — ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error are not required to specify the appellant's reasons for believing the rulings complained of erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

5. APPEAL AND ERROR (§ 302*)—MOTION FOR NEW TRIAL—SPECIFYING ERRORS.

A ground, in a motion for a new trial, that the court erred in refusing to give special charge No. 1, requested by defendant, is sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

6. APPEAL AND ERROR (§ 730*) — ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error, that the court erred in refusing to give "special instruction No. 1, requested by the defendant, as follows," followed by a quotation of the instruction, is sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. § 730.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by J. E. Nunn against J. W. Veale. Judgment for plaintiff, and defendant appeals. On motion to strike out appellant's assignments of error. Overruled.

Ben H. Stone, of Amarillo, for appellant. Cooper, Merrill & Lumpkin, of Amarillo, for appellee.

GRAHAM, C. J. This case is before us at this time on appellee's motion to strike out appellant's assignments of error contained in the transcript and as brought forward in his brief, on the ground that said assignments, as well as the grounds in the motion for a new trial, on which they respectively are based, are too general and not in compliance with rule 24 for government of the Courts of Civil Appeals of Texas, as amended January 24, 1912 (142 S. W. xii); the specific contention apparently being that the rules as amended January 24, 1912, should be so construed as to require that the motion for a new trial give the reasons on which the alleged error therein set out is based (which was not done in this instance); and that, as the grounds of error set up in the motion for a new trial are insufficient in this respect, they are insufficient to support the assignments of error based thereon. It is also apparently contended that the assignments of error themselves to be sufficient under the rules as amended January 24, 1912, should state the reasons on which the claimed error is based.

If the rules as amended on January 24, 1912, in so far as the questions here presented are concerned, have been passed upon by our appellate courts, or the Supreme Court, our attention has not been called to the decision, and the questions raised are therefore, so far as we are informed, of first impression. To properly construe the present rules we think it necessary to look to the rules as they existed before the amendments of January 24, 1912, as well as the construction that had been placed on the old rules by the courts, and in this way learn what was intended to be accomplished by the Supreme Court in making the amendments.

[1] After a careful comparison of the rules as they existed before January 24, 1912, with them as they now exist in so far as they affect the questions under consideration, we have reached the conclusion that the only purpose the Supreme Court had in amending rules 24 and 25 (142 S. W. xii) for the gov-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ernment of Courts of Civil Appeals was to require a litigant in all cases to file and present a motion for a new trial in the trial court as a basis for the consideration of his assignments of error based thereon, as it had been held by the courts under the old rules that, in cases tried before the trial court without a jury, assignments of error could be considered by the appellate courts though no motion for a new trial had been filed or urged in the trial court raising the question covered by the assignment.

[2] A comparison, we think, of rules 24 and 25 as they now are with the same rules before being amended January 24, 1912, clearly demonstrates that the only additional duty that has been placed on a litigant as a prerequisite to his assignments of error being considered in the appellate court is that he shall have raised the question presented in his assignment of error by a motion for a new trial, filed in the trial court, and if he has done this, as we view the matter, the assignments of error under the new rules need not be more specific or definite than was required under the rules before the amendment of January 24, 1912.

[3] We find nothing in the amended rules under consideration requiring that the error complained of should be set out in the motion for a trial any more fully or with any greater degree of certainty than was formerly or than is now required to be set out in the assignments of error based thereon; in fact, we think there are many reasons why the spirit and purpose of the rules are fully complied with, though the ground relied on and set up in the motion for a new trial be more general than in the assignments of error based thereon, for the reason that the evident purpose of the new rules in requiring a motion for a new trial as a prerequisite to the consideration of an assignment of error based thereon was to give the trial court an opportunity to correct the error, and, as he is necessarily familiar with all the proceedings had on the trial before him, a more general suggestion of the error complained of should be deemed sufficient than should be required in the assignments of error and which is to be passed upon by the appellate court, as that court cannot be so familiar with the proceedings had on the trial of the case, and this, we think, is the cause of the difference in the language in the rules as amended when applied to the assignments of error based thereon.

[4] That it is not necessary for the assignments of error to contain or give the reasons relied on for showing the error complained of, see Clarendon Land Investment & Agency Co. v. McClelland et al., 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105, where Judge Gaines, in disposing of the question of the sufficiency of an assignment of error which had been attacked, uses this language: "It is to be borne in mind that the statute and rules which require errors to be assigned were intended primarily for the relief of the appellate courts and to secure prompt dispatch of the business that should be brought before them. They should be given a reasonable and practical construction, and not one calculated to embarrass suitors in the appellate tribunals by unnecessary restrictions. It is certain that it was never intended to hedge either the Courts of Civil Appeals or the Supreme Court around with technical and arbitrary requirements so as to cut off the approach of such parties as seek relief in good faith from the consequences of supposed errors committed to their prejudice in the trial court.. Where an assignment of error is sufficiently specific to enable the court to see that a particular ruling is complained of, it should be held good, although it should fail to state the reasons why such ruling is claimed to be erroneous. An assignment may be brief and yet specific; and brevity in such cases is commendable and accords with good practice. The reasons by which allegations of error are sought to be sustained find their proper place in the propositions, statements, and authorities required to be set forth in the brief under and in support of the respective assignments. We conclude that the assignment in question is sufficient."

The assignment of error which the Supreme Court had under consideration was as follows: "The court erred in the fifth paragraph of his charge to the jury, which is as follows: 'Every entry of one's own cattle upon the lands or premises of another is a trespass, and the owner of such cattle will be liable for any damages sustained by the owner of such premises, if any, provided such lands or premises were at the time of such entry inclosed by a fence sufficient to exclude therefrom such cattle or animals as were accustomed to be used in the country or the range around and about such inclosed premises, and provided further that such trespass is effected by a forcible entry through the fence or inclosure.'"

[5, 6] Appellant's first assignment of error is based on the action of the trial court in giving a peremptory instruction for appellee, while his second, third, fourth, fifth, sixth, and seventh assignments of error are each based on the action of the trial court in refusing specially requested instructions; each assignment being based on the trial court's failure to give a specific special charge.

To illustrate the condition of the record, we copy appellant's second ground in his motion for a new trial, as follows: "(2) Because the court erred in refusing to give in charge to the jury special charge No. 1, requested by the defendant." And his second assignment of error, based thereon, reading as follows: "(2) The court erred in refusing to give in charge to the jury special instruction No. 1, requested by the defendant, as follows: 'You are instructed that if you find and believe from the evidence that the de-

fendant Nunn and the plaintiff entered into a contract whereby Nunn was to pay said Veale the sum of $1,200 for representing him in certain proposed litigation, and that the said Veale in any way terminated said employment without just cause before the performance of said contract of employment and before said litigation had been carried out, then and in that event you will find for the defendant Nunn.'"

Each of the grounds contained in the motion for a new trial are worded in a similar way to the one above copied, except that it applies either to other special charges, or to the peremptory instruction given by the trial court, and each of the other assignments of error from 1 to 7, inclusive, are worded similarly to the one above copied, except that in each instance the charge complained of is copied in the assignment.

We have carefully examined the record in connection with appellee's motion for a new trial and find it insufficient to support his eighth and ninth assignments of error, the questions raised in said assignments, respectively, not in any way having been called to the attention of the trial court in the motion for a new trial, and, as said assignments do not point out fundamental error, appellee's motion as applied to these two assignments would be sustained except for the reasons given in the opinion this day written in cause (No. 283) A. Davidson v. J. H. Patton, 149 S. W. 757.

Believing that appellant's assignments of error except the eighth and ninth are sufficient under the present rules as against the objections urged, appellee's motion will be in all things overruled, and it is so ordered.