EL PASO ELECTRIC RY. CO. v. LEE.

(Court of Civil Appeals of Texas. El Paso. April 24, 1913. On Rehearing, May 22, 1913.)

1. APPEAL AND ERROR (§ 743*)—ASSIGNMENTS OF ERROR—REFERENCE TO MOTION FOR NEW TRIAL.

Assignments of error which merely state that error was complained of in appellant's motion for a new trial, but do not refer to that part of the motion in which the error was complained of, as required by rule 25 of the Courts of Civil Appeals (142 S. W. xii), will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

On Rehearing.

2. COURTS (§ 92*)—RULES OF DECISION—OBITER DICTUM.

Where the applicability of amended rule 24 for Courts of Civil Appeals (142 S. W. xii), amended January 24, 1912, was not presented by the record in a case in the Supreme Court, its discussion of the matter to which the rule related should be regarded as obiter dictum, and as such not binding on this court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 335; Dec. Dig. § 92.*]

3. APPEAL AND ERROR (§ 288*)—PREREQUISITES—MOTION FOR NEW TRIAL.

Prior to the adoption of rule 71a for district and county courts (145 S. W. vii), amended January 24, 1912, and requiring a motion for a new trial to be filed in all cases on appeal unless the error complained of is fundamental, except in such cases as the statutes do not require a motion for a new trial, there was no necessity in any case to file such a motion when the grounds for reversal related to any ruling of the trial court, though, in order that certain matters might be reviewed upon by appeal, they must have been called to the attention of the trial court by such a motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1673, 1676–1679; Dec. Dig. § 288.*]

4. COURTS (§ 78*) — RULES OF COURT — AUTHORITY TO MAKE.

Under the express provision of Rev. Civ. St. 1911, art. 1524, authority is conferred upon the Supreme Court to make, establish, and enforce rules of practice and procedure for the government of the various courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 274, 276–281; Dec. Dig. § 78.*]

5. APPEAL AND ERROR (§ 281*)—PREREQUISITES—MOTION FOR NEW TRIAL—RULES OF COURT.

Rule 24 for Courts of Civil Appeals (142 S. W. xii) provides that assignments of error shall distinctly specify the grounds of error relied on and set forth in the motion for a

new trial, and that a ground of error not distinctly set forth in the motion shall be considered as waived unless it be fundamental error; rule 25 requires that the motion shall point out the part of the record in which the error is complained of; and rule 71a for district and county courts (145 S. W. vii) requires a motion for a new trial to be filed in all cases where the parties desire to appeal, unless the error is fundamental. *Held,* that the rules, considered together, were intended to change the rules of practice established by the former decisions of the Supreme Court, and especially the rule that the party need not call certain errors to the attention of the trial court in a motion for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661, 3024, 3281; Dec. Dig. § 281.*]

6. APPEAL AND ERROR (§ 281*)—PRESENTMENT OF GROUNDS OF REVIEW—MOTION FOR NEW TRIAL.

Rule 71a for district and county courts (145 S. W. vii), requiring that a motion for a new trial be filed in all cases where parties desire to appeal, does not conflict with Rev. Civ. St. 1911, §§ 2061, 2062, dispensing with the necessity of taking formal bills of exception to the ruling of the court in giving, refusing, or qualifying of instructions and rulings and actions of the court which otherwise appear of record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661, 3024, 3281; Dec. Dig. § 281.*]

7. APPEAL AND ERROR (§ 281*) — PRESENTATION OF GROUNDS OF REVIEW—MOTION FOR NEW TRIAL—STATUTES.

The importance of rules 24 and 25 for Courts of Civil Appeals (142 S. W. xii), requiring assignments of error to distinctly specify the error relied upon and distinctly set forth in a motion for a new trial, on penalty of waiver, and providing that the motion shall point out the part of the record in which the error is complained of, and rule 71a for district and county courts (145 S. W. vii) making a motion for a new trial necessary in all cases of appeal from the judgment of a trial court, is not destroyed by Acts 33d Leg., approved April 4, 1913, amending Rev. Civ. St. 1911, art. 1612, providing that the appellant shall file with the clerk of the court below all the assignments of error, distinctly specifying the grounds on which he relies before he takes the transcript from the clerk's office, and that where a motion for a new trial has been filed the assignments need not be repeated, since the amendment merely dispenses with the necessity of filing assignments when a motion for new trial has been filed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661, 3024, 3281; Dec. Dig. § 281.*]

Appeal from District Court, El Paso County; James R. Harper, Judge.

Action by J. D. Lee against the El Paso Electric Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Davis & Goggin, of El Paso, and Baker, Botts, Parker & Garwood, of Houston, for appellant. W. B. Ware and Patterson & Wallace, all of El Paso, for appellee.

HIGGINS, J. This was an action for damages resulting from personal injuries sustained by appellee while in the service of the appellant as an electric lineman. From

a judgment in his favor, this appeal is prosecuted.

Rule 25 for the government of the Courts of Civil Appeals (142 S. W. xii) expressly provides that assignments of error "must· refer to *that portion* of the motion for a new trial in which the error is complained of." The Supreme Court has promulgated this rule for the government and guidance of the Courts of Civil Appeals, and, so far as this court is concerned, it is our purpose to enforce it.

[1] The assignments of error in this case merely state that the error was complained of in defendant's motion for a new trial, but fail to refer us to the portion of the motion in which the error was complained of. This does not comply with the rule which we have quoted, and the assignments will therefore not be considered. Railway Co. v. Ledbetter, 153 S. W. 646; Nunn v. Veale, 149 S. W. 758; Murphy v. Earl, 150 S. W. 486; Tiefel v. Maxwell, 154 S. W. 319; Railway Co. v. Gray, 154 S. W. 229; Konz v. Henson, 156 S. W. 593, recently decided by this court and not yet officially reported.

No fundamental error appearing, the judgment is affirmed.

HARPER, C. J., did·not sit in this case.

On Rehearing.

HIGGINS, J.   The motion for rehearing herein has been carefully considered, and we adhere to the conclusion that the assignments should not be considered. It is perhaps advisable, however, to elaborate the reasons upon which such action is based.

From the authorities next cited, it will be noted that five of the various Courts of Civil Appeals have held that assignments cannot be considered unless the provision of rule 25, referred to in the original opinion, be complied with.   Davidson v. Patton (Amarillo) 149 S. W. 757; Murphy v. Earl .(El Paso) 150 'S. W. 486; Railway Co. v. Ledbetter (Dallas) 153 S. W. 646; Railway Co. v. Gray (Austin) 154 S. W. 229; Jones v. Edwards (San Antonio) 152 S. W. 727; Allen v. Kitchen (Austin) 156 S. W. 331.

[2] Various of the assignments herein relate to the action of the court in giving and refusing charges; and, in declining to consider the same, we are not unmindful of the recent opinion rendered by the Supreme Court in Railway Co. v. Beasley, 155 S. W. 183, wherein it was held that refusing of charges need not be set up in the motion for new trial in order to assign error thereto upon appeal.   It would of course logically and necessarily follow that, if it was not so necessary, then the provision of rule 25, to which we have referred, would at least have no application to any error in respect to such charges, or, indeed, to any other matter not necessary to be set up in the motion for new trial.

Rules 24 and 25 were amended January 24, 1912, and upon the same date the rules governing the district and county courts were radically amended and changed by the addition of rule 71a (145 S. W. vii) as follows: "A motion for a new trial shall be filed in all cases where parties desire to appeal from a judgment of the trial court, or sue out a writ of error in the cause, unless the error complained of is fundamental, except in such cases as the statute does not require a motion for a new trial."

From the report of Railway Co. v. Beasley, it does not appear whether or not the amendments indicated were applicable there, but, from the knowledge which we have of the condition of the docket of the Supreme Court, it is quite evident that the case must have been tried and assignments of error filed long prior to January 24, 1912.   The certified question discloses that the case was decided by the Texarkana court, and upon the motion for rehearing various questions were certified.   By examining the table of cases in the various Courts of Civil Appeals in which motions for rehearing are pending, which tables appear in the advance sheets of the Southwestern Reporter, it will be noted that opinion in the case in the Court of Civil Appeals was rendered March 16, 1911, nearly a year before the amendments to rules 24 and 25 became ·effective, and the addition of 71a to the district and county court rules. Furthermore, inquiry develops that the record in the Beasley Case discloses that the case was tried in the lower court on the 15th day of June, 1910, and assignments of error filed the 21st day of July, 1910.   It is therefore perfectly patent that the old rules were applicable in the Beasley Case, and under the decisions construing same (W. U. Tel. Co. v. Mitchell, 89 Tex. 441, 35 S. W. 4; Clark v. Pearce, 80 Tex. 151, 15 S. W. 787) there was no necessity in the motion for a new trial of referring to the action of the trial court in the giving and refusing of instructions, and it is plainly apparent that amendment to rule 24, which became effective January 24, 1912, had no application.   Since the applicability of the amended rule was not presented by the record, the discussion thereof should properly be regarded as obiter dictum.   Hart v. Gibbons, 14 Tex. 213.   As such this court is not bound to· follow same.   Ballard v. Carmichael, 83 Tex. 355, 18 S. W. 734.

Passing now to a consideration of the amendments to rules 24 and 25 for the government of the ·Courts of Civil Appeals, and the incorporation of 71a in the district and county court rules, we think that it was the evident purpose of the Supreme Court to thereby effect ʼan important reform and change in our practice and procedure relating to appeals; and, since they all relate to motions for new trial to be filed in the trial court, they should be considered together.

[3] Prior to the adoption of rule 71a, there was no necessity in any case to file such a mo-

tion when the errors relied upon as ground for reversal related to any ruling of the trial court. In cases tried before a jury it has been the practice to file such motions; but we can find no rule, statute, or decision that the right of appeal· is conditioned upon the filing of same. In order that certain matters might be reviewed upon appeal, it is true they must have been called to the attention of the trial court in such a motion. W. U. Tel. Co. v. Mitchell and Clark v. Pearce, supra. But those authorities do not hold that the filing of such a motion is a prerequisite to the right of appeal, and the effect thereof is merely that the action of the trial court respecting certain matters would not be reviewed unless its attention had been called to the supposed error in a motion for a new trial. This being the rule of practice, it was certainly to be desired that a motion for a new trial should be required to be filed in all cases, and that in this motion all errors relied upon as grounds \for a new trial should be set up.

[4, 5] The obvious purpose of the adoption of rule 71a was to require as a condition precedent the filing of a motion for a new trial in all cases where the parties desired to appeal or sue out writ of error, except in those cases where the filing of such a motion is by statute dispensed with; the obvious purpose of the adoption of the amendment to rule 24 by the insertion of the words, "not distinctly set forth in a motion for a new trial in the cause," was to require the parties to distinctly call to the attention of the trial court all errors relied upon as ground for reversal, under penalty of having same considered waived, unless it was distinctly set forth in the motion; and the purpose of the amendment to rule 25 by the addition of the words, "and must refer to that portion of the motion for a new trial in which the error is complained of," imposed the duty upon the Courts of Civil Appeals of declining to consider any assignment which did not so refer to the proper portion of the motion where the error was complained of, thus insuring that a motion for a new trial would be filed in the lower court prior to an appeal or the suing out of a writ of error, and that all grounds of error relied upon would be distinctly called to the attention of the trial court and opportunity there afforded of correcting the error and useless appeals avoided. It cannot be denied that the accomplishment of the purposes indicated is an important reform, obviating useless appeals, and thereby tending to expedite the business of the courts. The rules indicated affect a question of practice and procedure only, and express authority is conferred upon the Supreme Court to make, establish, and enforce such rules for the government of the various courts. Article 1524, R. S. 1911. It would therefore seem that the amendments to rules 24 and 25 for the government of the

Courts of Civil Appeals, and the adoption of rule 71a for the government of the district and county courts, was intended for the very purpose of meeting and changing the rules of practice and procedure established by the former decisions of the Supreme Court, and especially the rule established in W. U. Tel. Co. v. Mitchell and Clark v. Pearce to the effect that a party need not call certain errors to the attention of the trial court in a motion for a new trial, and yet assign the same in the appellate court as grounds of reversal. Under rule 24, as amended, they would now be treated as waived.

At a conference of the justices of the various Courts of Civil Appeals with the justices of the Supreme Court, held in the city of Austin in September, 1911, the advisability of changing the court rules in various respects was discussed, and among the changes discussed as advisable was one which would require parties desiring to appeal or sue out error to call to the attention of the trial court, in a motion for a new trial, all supposed errors which he desired to assign in the appellate court, thus affording that court an opportunity then and there of discovering and correcting its own errors.

[6] The promulgation of rule 71a cannot be regarded as conflicting with articles 2061 and 2062, R. S. 1911, referred to in Railway Co. v. Beasley and W. U. Tel. Co. v. Mitchell. Those articles merely relate to and dispense with the necessity of taking formal bills of exception to the ruling of the court in giving and refusing or qualifying of instructions and to rulings and actions of the court which otherwise appear of record. They in no wise undertake to specify whether or not a motion for new trial shall be filed as a prerequisite to the right of appeal, which is the question with which rule 71a deals.

In further support of the view expressed in this opinion relative to the necessity of filing motion for new trial since the adoption of rule 71a and the purpose thereof, see Railway Co. v. Emerson, 152 S. W. 469; Nunn v. Veale, 149 S. W. 758; Astin v. Mosteller, 152 S. W. 495; Wright v. Wright, 155 S. W. 1015.

For the reasons indicated, it is the opinion of this court that the amendments indicated were intended to effect an important reform in appellate practice and procedure; that the Supreme Court had full authority and power to make and establish same; and that it is the duty of this court to rigidly enforce the same to the end that their purpose may be accomplished.

[7] It has been suggested that the importance of the amendments has been destroyed by an act of the Thirty-Third Legislature, approved April 4, 1913, amending article 1612, Revised Statutes of 1911, so that the same should hereafter read as follows: "The appellant or plaintiff in error shall in all cases file with the clerk of the court below all

assignments of error, distinctly specifying the grounds on which he relies, before he takes the transcript of record from the clerk's office: Provided that where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error: And provided further, that all errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the court to the error complained of." There is nothing, however, in this statute which makes it necessary to file a motion for a new trial, and, in so far as the statute is concerned, a party desiring to appeal or sue out error could omit filing a motion for new trial and file independent assignments of error, according to the old practice. In other words, so far as affects the question here considered, the amendment to article 1612 merely dispenses with the necessity of filing assignments when a motion for new trial has been filed. As has been seen, aside from rule 71a recently promulgated, there is no necessity in any wise to file a motion for new trial as a condition to the right to appeal, and therefore it is readily apparent that rule 71a and the amendments to 24 and 25 are still potent, and that it is important to enforce observance thereof.

The motion for rehearing is overruled.