HOUSTON OIL CO. OF TEXAS v. DRUMWRIGHT et al.

(Court of Civil Appeals of Texas. Texarkana. Nov. 6, 1913. On Appellant's Motion for Rehearing, Dec. 11, 1913. On Appellees' Motion for Rehearing, Jan. 8, 1914.)

1. APPEAL AND ERROR (§ 732*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Under Court Rule 24 (142 S. W. xii), providing that the assignments of error must distinctly specify the grounds of error relied on and set forth in the motion for new trial, assignments of error not referring in any way to a motion for a new trial are insufficient to warrant consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. § 732.*]

2. APPEAL AND ERROR (§ 302*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NEW TRIAL.

It is unnecessary to assign as a ground for new trial the action of the court in giving or refusing charges.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

The assignments of error to be considered must be followed by a sufficient statement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

On Motion by Appellant for Rehearing.

4. STIPULATIONS (§ 14*)—CONSTRUCTION—EFFECT.

Where plaintiffs offered in evidence the will of D., the common source of title to show title in their ancestor, a stipulation that the defendant offered in evidence, which was waived by plaintiffs, the record of the court to show action which was taken in cause No. 1196, the estate of D. on appeal from the county court, which record includes all of the action taken by the court on the trial of the cause, the appeal bond filed by the defendant and a supersedeas bond which was approved and filed by the district clerk, is insufficient to show that the will was inadmissible, because an appeal had been duly perfected from the judgment admitting it to probate.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

5. APPEAL AND ERROR (§ 204*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Objections to the admission of evidence not urged in the court below cannot be urged on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1258–1272, 1274–1278, 1280, 1569; Dec. Dig. § 204.*]

6. EVIDENCE (§ 273*)—ANCIENT DOCUMENTS—ADMISSION IN EVIDENCE.

In trespass to try title, where defendants claimed that the locus in quo had been conveyed to their grantors by the owner through whom plaintiffs claimed, and it appeared that the records where the deed should have been found had been destroyed, evidence of a deed in defendant's chain of title which was 60 years old, and which recited a conveyance from the owner through whom plaintiffs claimed, was ad-

missible in evidence, even though the declarations were in the nature of self-serving declarations for the benefit of the grantor; it appearing that plaintiffs had not urged their claim during a period of 50 years.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1108–1120; Dec. Dig. § 273.*]

On Motion by Appellees for Rehearing.

7. APPEAL AND ERROR (§ 926*)—REVIEW—EXCLUSION OF EVIDENCE — BILL OF EXCEPTIONS.

Where the bill of exceptions as approved by the trial judge expressly based the exclusion of evidence on the ground that it was self-serving, although reciting other reasons which might have been urged for exclusion, it will be inferred that the trial court found that the other objections were not sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1279, 2899, 3729, 3730, 3735–3747; Dec. Dig. § 926.*]

Appeal from District Court, Newton County; W. B. Powell, Judge.

Trespass to try title by Mary E. Drumwright and others against the Houston Oil Company of Texas. From a judgment for plaintiffs, defendant appeals. Reversed and remanded on rehearing.

Hightower, Orgain & Butler and W. H. Davidson, all of Beaumont, and H. O. Head, of Sherman, for appellant. T. H. Stone and Carlton, Townes & Townes, all of Houston, for appellees.

HODGES, J. This is an action of trespass to try title, brought by the appellees Mary E. Drumwright, joined by her husband, and John O. Banks, seeking to recover a tract of land situated in Newton county from the appellant, Houston Oil Company of Texas. At the instance of the appellant, the administrator of the estate of Mark Wiess was made a party to the suit, and a judgment sought over against the estate on a warranty in the event the appellant lost the land. Delilah Dearks is the common source of title. Mrs. Drumwright, one of the appellees, claims the property by inheritance from her father, J. R. Neely. Previous to the filing of this suit, she had conveyed an interest in the property to John O. Banks. We gather from the record that the appellees rely upon one or all of three different methods of showing title in J. R. Neely to the property in controversy: (1) By proof of an adoption whereby J. R. Neely became the heir of Delilah Dearks when a child; (2) through a will made in favor of J. R. Neely by Delilah Dearks a short time before her death in 1852, but which was not offered for probate till a short time before this suit was filed; (3) by inheritance from Delilah Dearks, who was the sister, or half-sister, of J. R. Neely's mother, through whom Mrs. Drumwright claims. The appellant claims title by a connected chain of transfers from Delilah Dearks, the earliest dating back to 1836. It is alleged that two deeds in its chain—one

from Delilah Dearks to William English, and another from English to Hotchkiss—were lost; that the records which originally contained these deeds were burned; and that neither the originals nor copies could be produced upon the trial. An effort was made to prove the execution of those two deeds by circumstantial evidence. As a part of the proof tendered to establish the necessary facts, the appellant offered in evidence the recitals in three subsequent deeds; one from Hotchkiss to Stewart Newall, another from Newall to James A. Mason, and a third from Mason to John Herman, under whom the appellant claims. These recitals are to the effect that transfers had been made from Delilah Dearks to William English on the 3d day of July, 1836, and by William English to A. Hotchkiss on the 3d day of August, 1836. Appellant also offered as a part of its proof a copy of a traced copy of what purported to be a receipt given by the county clerk of Jasper county on the 20th day of December, 1845, which certified that James A. Mason had filed in the clerk's office a Spanish deed to one league of land granted to Delilah Dearks and conveyed by her to William English and by William English to A. Hotchkiss, and that this deed was recorded in Book F. The receipt also contained an itemized statement of the cost of making the record and the certificate. All of this testimony when tendered by the appellant was, upon objection, excluded by the court. At the close of the evidence, the court gave a peremptory instruction to the jury, directing a verdict for the plaintiffs in the suit.

[1] The appellant presents 15 different assignments of error in a brief in many respects well prepared, but not in accordance with the rules. The first six assignments are grouped and are followed by 19 distinct propositions, and then follows a statement of the facts relied upon to sustain the assignments and propositions announced. The first assignment charges that the verdict of the jury and the judgment of the court were contrary to the law and the evidence. The second, third, fourth, and fifth complain of the action of the court in giving the peremptory instruction in favor of appellees, each containing different reasons or grounds of error. The sixth assignment complains of the action of the court in giving a peremptory instruction against the appellant in favor of the estate of Mark Wiess. Each of the 19 propositions that follow refers to the entire group of 6 assignments. The remaining 9 assignments assail the action of the court in excluding certain testimony offered by appellant and in admitting portions of other testimony offered by the plaintiffs over the objection of the appellant. None of the 15 assignments refer in any way to a motion for new trial. The failure of the appellant to brief this case in accordance with the rules

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

adopted by the Supreme Court demands that we take notice of the objections of the appellees to the consideration of the assignments. We cannot ignore flagrant violations of those rules in cases where there are no apparent grounds for a failure to conform to their requirements, or where there is nothing to indicate that a miscarriage of justice will be sanctioned by the enforcement of their provisions. Rules 23 and 24 (142 S. W. xii) are as follows:

"(23) Said record should contain an assignment of errors as required by the statute. If it does not, the court will not consider any error but one of law that may be apparent upon the record, if the judgment is one that could legally have been rendered in the lower court and affirmed in the appellate court.

"(24) The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in rule 23."

In a well-considered opinion rendered by Justice Higgins in the case of El Paso Elec. Ry. Co. v. Lee, 157 S. W. 748, the authorities relating to this subject are collated and discussed, and it is unnecessary for us to do more than to refer to what is there said.

[2, 3] It may be conceded that under the authority of Ry. Co. v. Beasley, 155 S. W. 183, it is not necessary to embody in the motion for a new trial the action of the court in giving or refusing charges. The ruling in that case is manifestly based upon a construction of the statute which seems to render such action unnecessary. While that ruling was purely dicta, for the reason that the rule referred to could have no application to the facts of that case, yet it is suggestive of the views of our court of last resort as to the proper construction to be given the rules. Conceding that it is unnecessary to embody in motions for new trial the action of the trial court in giving or refusing charges, and that for that reason it would not be necessary for an assignment complaining of such action to contain a reference to the motion, we still think the assignments here should be ignored, for the reason that they disregard other provisions of the rules equally as important. Different assignments containing different propositions of law are in several instances grouped, and the entire group is followed by a single statement, and this often so meager that it furnishes no grounds for sustaining the assignments.

We have carefully examined the record, and find no fundamental error of which we are required to take notice in the absence of an assignment. The judgment of the district court is therefore affirmed.

### On Appellant's Motion for Rehearing.

[4] We have heretofore refused to consider any of the appellant's assignments of error, and therefore could not do otherwise than affirm the judgment of the trial court. Unwilling, however, to permit the mere failure of counsel to conform to the rules in presenting assignments to defeat a meritorious appeal, we have again carefully examined the record before us and have reached the conclusion that the trial court should not have instructed a verdict for the appellees. If the will of Mrs. Delilah Dearks was admissible in evidence, it was sufficient, prima facie, to establish a title in J. R. Neely, the father of Mrs. Drumwright, from whom the latter inherits. The objection is urged that the judgment of the county court admitting the will to probate had been appealed from, and that appeal was still pending at the time the will was offered. This objection would be good if the facts relied on were shown to be true. The only evidence of those is the following agreement: "It is agreed that the Houston Oil Company of Texas, defendant herein, tender and proffer to tender in evidence, which was waived by attorney for plaintiffs, the record of the court to show action which was taken in cause No. 1196, the estate of Delily Deark, deceased, on appeal from the county court of Newton county to the district court at the time of the introduction of the certified copy and probate of the will of Delily Deark, deceased, offered for evidence by the plaintiffs in this cause, which record includes all of the actions taken by the court upon the trial of said cause and the appeal bond filed therein by the appellant, Houston Oil Company of Texas, the dismissal by the district court thereof; and it is admitted by the parties that the appellant, Houston Oil Company of Texas, filed therein on February 29, 1912, a supersedeas bond, which bond was approved and filed by the clerk of the district court of Newton county, Texas, prior to the offering of certified copy of the will of Delily Deark and probate thereof." Before this court can say that a case in which a judgment has been rendered is still pending on appeal, the record must show some evidence of that appeal and that it was seasonably perfected. For one party merely to waive the introduction of the evidence tending to show those facts, without being followed by an admission full enough to supply the facts, leaves the record incomplete. In this record the admission refers merely to case No. 1196. We have no means of knowing whether that is a proceeding to probate the will of Mrs. Delilah Dearks, or is some other matter pending in the court. In the present state of the record, the objection to the introduction of the will of Mrs. Dearks is untenable. That instrument alone was suffi-

cient to invest Mrs. Drumwright with a good title if Mrs. Dearks had not parted with the land before her death in 1852.

[5, 6] Appellant offered in evidence a deed containing the following recital: "All that tract or parcel of land situated in Zavalla's grant on the river in Sabine, Texas, it being the same which was granted to Delilah Dearks by the commissioner, Geo. A. Nixon, on the 3d day of October in the year one thousand eight hundred and thirty-five, and by her conveyed to William English by deed bearing date the 3d day of July in the year of our Lord one thousand eight hundred and thirty-six, and by said English conveyed to the present vendor by deed bearing date the 3d day of August in the year of our Lord one thousand eight hundred and thirty-six." The above recital is contained in a deed from A. Hotchkiss to Stewart Newall, which was dated the 18th day of October, 1837. There were similar recitals in two other deeds offered; one from Stewart Newall to James A. Mason dated the 10th day of February, 1845; another from Mason to John Herman dated the 28th day of June, 1851. The deeds were offered as links in appellant's chain of title, and the recitals as circumstances tending to show that a deed had previously been executed by Delilah Dearks to William English, under whom the appellant claims, that deed being missing. It must be conceded that, if the facts were sufficient to show that Delilah Dearks had executed a deed to William English, as seems to be indicated by the recitals tendered in evidence, then the appellant had a complete chain of title originating many years prior to the death of Mrs. Dearks. These recitals were excluded by the court on the ground that they were hearsay and self-serving and were not evidence of title. It is here insisted by counsel for appellees that no sufficient predicate was laid for the introduction of this character of evidence. But that objection was not made in the court below, and cannot be urged for the first time on appeal. The deeds in which those recitals appeared were in the appellant's chain of title and were considerably over 60 years of age. The records where the deed from English would likely be found had been burned many years ago. According to the testimony of appellees, J. R. Neely had owned this property under the will or by inheritance since 1852, but there is no evidence that he made any claim to it or had paid any taxes, although much of his life was spent in this state at no great distance from the land. The record shows that numerous transfers of the land had been made between 1845 and 1900, when Neely died. Mrs. Drumwright admitted that during all that time neither she nor her father made any pretense of claiming this land. Under this state of facts, the recitals should have gone to the jury for what they were worth, as circumstances tending to show that Mrs. Dearks had executed the deed to English. The principle upon which this rule rests is so fully discussed in the case of Brewer v. Cochran, 45 Tex. Civ. App. 179, 99 S. W. 1033, that we deem it unnecessary to add anything to what is there said. In granting this rehearing, we have deviated from our former holding in regard to considering the assignments of error merely for the purpose of correcting the ruling of the trial court upon this one question.

The remaining assignments will not be considered. The motion for rehearing is granted, and the judgment of the trial court in its entirety is reversed, and the cause remanded.

### On Appellees' Motion for Rehearing.

[7] In disposing of the assignments discussed in the original opinion, we relied upon the facts stated in appellant's bill of exception No. 2 for the grounds of the objection made to the evidence which was excluded. Counsel for appellees in his motion for a rehearing refers to the original statement of facts for the purpose of showing that the further objection that no predicate had been made for the introduction of the recitals was also made at the time the deeds referred to were offered. By reference to that part of the record, it appears that the objections mentioned were interposed to the entire deed. The court at first determined that the appellant, defendant below, should offer more testimony for the purpose of accounting for the absence of the originals. After other testimony was adduced, it seems that the court overruled the objections and admitted the deeds without any qualification. The bill of exception shows that after this was done, and after all the evidence both for the plaintiffs and defendant had been concluded, the court sustained the objection of the plaintiffs to the recitals in the three deeds referred to in the original opinion, and excluded them from evidence. The court appends the following qualification in approving the bill of exception: "The foregoing bill of exception is approved with the following explanation and qualifications: The three deeds of conveyance above referred to are offered by the defendant in evidence in support of its title to the land in controversy. No objection was made to the deeds as a whole, but the plaintiffs objected to the self-serving declaration in the deeds as evidence of title or for any purpose at that time and stage of the trial. The objection was at the time passed over for a ruling to be made later. There being no occupancy of the land by any of the grantees under the conveyances and nothing to show ownership under said recitals, the court held the deed admissible but the recitals therein complained of inadmissible because self-serving, and, as no right was exercised thereunder, were, in the state of the record when the evidence was closed, inadmissible for any purpose." It appears from the foregoing that the court based his ruling

solely upon the ground that the recitals were self-serving, and the inference is that other grounds were not considered.

We adhere to our original conclusion, believing that justice can be done in this case only by remanding it for another trial. The motion for a rehearing is therefore overruled.