A. S. McLEMORE AND T. S. McGOWAN v. J. J. LOMAX.

Decided March 31, 1905.

**Limitations—Adverse Possession—Conflicting Grants.**

The owner of a junior grant and survey which in part overlaps an older
grant can acquire title to the part in conflict by limitation and adverse pos-
session for three or five years only where he has actual possession of the
part in conflict, and it is not sufficient that he has possession, with improve-
ments thereon, of the part of the junior survey not so in conflict.

Error from the District Court of Harris. Tried below before Hon.
Chas. E. Ashe.

*Stevens & Pickett,* for plaintiffs in error.

*Jacob C. Baldwin,* for defendant in error.—Cited in support of the ruling of the trial court, as here affirmed, Parker v. Baines, 65 Texas, 611; White v. Burnly, 20 How., 225; Peyton v. Barton, 53 Texas, 298; Turner v. Moore, 81 Texas, 209.

GILL, Associate Justice.—This suit was brought by J. J. Lomax to recover of McLemore, McGowan and other defendants, a part of the Edward King league of land. As all the parties to the suit have adjusted their differences by agreement, except Lomax and McGowan, we state only the issue between them.

McGowan conceded that the paper title to the land sued for was in the plaintiff, but interposed the bar of limitation of three and five years. The court, sitting without a jury, rendered judgment for plaintiff, and McGowan has appealed.

Plaintiff owned the Edward King league. The Mary McGruder survey of 767 acres was junior to the King, and overlapped it. No question of boundary is presented. There was no possession of the senior grant by appellee. McGowan bought 100 acres of the Mary McGruder, and some part of it was on the conflict between the King and McGruder. He sold sixteen and two-thirds acres, and has occupied a part of the remaining eighty-three and one-third acres since 1893. His title is connected with the sovereignty of the soil, so that if the possession shown supports his plea of three years limitation judgment should have been for him.

It seems to be well settled that one claiming under a deed to an overlap of a junior survey must, in order to support his claim, show possession of at least a part of the overlap. It is not enough merely to show possession of land included within the limits of his own deed. (Parker v. Baines, 65 Texas, 611.) This rule applies as well to the five-year statute. In this case McGowan has failed to meet this requirement. He has, beyond doubt, shown more than three years' possession of a part of the land included in the field notes of the McGruder grant and in his deed to a part of it, but the record fails to show that any part of his possession or improvements were situated on the portion of the McGruder which overlapped the King.

The judgment is affirmed as to McGowan for the reasons given. It is affirmed as to McLemore according to the agreement of the parties filed in the record. The writ of error not having been perfected as to W. F. Smith, it is dismissed as to him.

*Affirmed.*