## WRIGHT v. WRIGHT.

(Court of Civil Appeals of Texas. Dallas. April 5, 1913.)

1. HUSBAND AND WIFE (§ 205*)—RIGHT OF ACTION BETWEEN.

A married woman, duly appointed as guardian of her infant daughter by a former marriage, who loaned the money of such infant daughter to her husband, could sue him on the note given therefor.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 744, 748–755, 970; Dec. Dig. § 205.*].

2. GUARDIAN AND WARD (§ 10*)—PERSONS ENTITLED TO APPOINTMENT.

A married woman is not incapacitated from acting as guardian of her infant children

by a former marriage, but, on the contrary, is by statute given the preference as guardian of such children.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 23–33; Dec. Dig. § 10.*]

3. GUARDIAN AND WARD (§ 56*)—RIGHT OF ACTION BY GUARDIAN.

That a loan by a guardian was not made and secured strictly according to the statute could not prevent a recovery by the guardian on a note given for the loan.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 255–260; Dec. Dig. § 56.*]

4. APPEAL AND ERROR (§ 736*)—ASSIGNMENTS OF ERROR—MULTIFARIOUSNESS.

Assignments of error embracing two or more separate or distinct questions of law will not be considered because too general.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3091; Dec. Dig. § 736.*]

5. APPEAL AND ERROR (§ 732*)—RESERVATION OF GROUNDS OF REVIEW—MOTION FOR NEW TRIAL.

Under rule 24 of the Courts of Civil Appeals (142 S. W. xii), providing that assignments of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial, and that a ground of error not distinctly set forth in a motion for a new trial and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived unless fundamental, where defendant filed a general demurrer to the petition and six special demurrers to each of the two counts and moved for a new trial on the ground that the court erred in overruling the general and special demurrers, assignments on appeal that the court erred in overruling certain special exceptions and in overruling the motion for a new trial were not entitled to consideration; no particular ground of error being distinctly set forth in the motion for a new trial as required by the rule.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. § 732.*]

6. APPEAL AND ERROR (§ 302*)—RESERVATION OF GROUNDS OF REVIEW—MOTION FOR NEW TRIAL.

Rule 24 for Courts of Civil Appeals (142 S. W. xii), requiring that errors relied on be distinctly set forth in the motion for a new trial, applies whether the case is tried by the court with or without a jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

7. APPEAL AND ERROR (§§ 731, 733*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error that the verdict or judgment is contrary to law and the evidence is too general and will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021, 3025–3027; Dec. Dig. §§ 731, 733.*]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Action by Mrs. Pearl Wright against J. H. Wright. Judgment for plaintiff, and defendant appeals. Affirmed.

Tom. P. Whipple, of Waxahachie, for appellant. Supple & Harding, of Waxahachie, for appellee.

TALBOT, J. Appellee sued appellant in the district court of Ellis county, Tex., on a promissory note for the sum of $927.41, dated November 24, 1906, and payable to appellee, guardian. The note bore interest at the rate of 8 per cent. per annum and provided that if the same was not paid at maturity and was placed in the hands of an attorney for collection, or if suit was brought thereon, to pay an additional 10 per cent. thereof as attorney's fees. The petition contains two counts, in substance: (1) That plaintiff and defendant are husband and wife, but that they have been living separate and apart for about two years, during which time plaintiff has been compelled to make her own support without any assistance or aid from the defendant; that defendant executed and delivered to plaintiff the note sued on, naming her in said note as "Mrs. Pearl Wright, guardian," etc.; and that said note became and is her separate property as a matter of law. (2) That plaintiff was, at the time of the execution and delivery of said note and at the date of the filing of this suit, the duly appointed, qualified, and acting guardian of the person and estate of her minor daughter, by a former husband, Maude Smith; that the consideration of said note was money belonging to the estate of her said daughter loaned by plaintiff to defendant, and prayed that, in the event she was not entitled to recover on the first count of the petition, plaintiff have judgment as guardian of the said Maude Smith. Defendant answered by a general demurrer to plaintiff's petition, and by six special demurrers to the first count and six special demurrer to the second count thereof. In addition to the demurrers referred to, defendant pleaded a general denial and specially matters not necessary to state. Defendant's demurrers were overruled, and, the case having been submitted to the court without a jury, judgment was rendered in favor of the plaintiff as guardian of her said daughter, and the defendant appealed.

[1-3] The first and second assignments of error are, in effect, that, as the allegations of plaintiff's petition show that she and defendant are husband and wife, she cannot maintain an action against him for debt, either in her own right or in her fiduciary capacity of guardian of her minor child. In this view we do not concur. The note sued on having been executed and delivered by appellant to appellee as the guardian of the estate of her minor child, for borrowed money belonging to said estate, and the guardianship still pending, it was not only appellee's legal right as such guardian, but her duty, upon the failure of appellant to pay said note when due, to institute and prosecute to judgment a suit thereon. A married woman is not by our law incapacitated from acting in the capacity of guardian. On the contrary, she is given by statute the preference of the guardianship of her minor child or children of a

former marriage, and "she may do all things necessary to a proper discharge of the duties of her office irrespective of her coverture." Speer on Married Women, §§ 164–283. Mrs. Wright was joined by her husband in the bond executed by her as the guardian of her child, and there is no question of the legality of her guardianship. It would be a strange doctrine and exceedingly harsh rule that would deny to a married woman, who is authorized by statute to act as guardian of her minor child, the right to maintain a suit against her husband to recover money loaned him belonging to such child's estate, even though the loan was not made, as contended by appellant, and secured strictly according to the provision of the statute relating to loans by guardians.

[4, 5] The third, fourth, and fifth assignments of error are not briefed in accordance with the rules, and are not therefore entitled to consideration. The third and fourth are grouped and contain several separate and distinct grounds of error and are bad for multifariousness. It is held by numerous authorities that an assignment of error which embraces two or more separate and distinct questions of law will not be considered because too general. Neither of said assignments is entitled to consideration for the further reason that the defendant's motion for a new trial in the district court did not distinctly specify the errors complained of in said assignments. Amended rule 24 for the the government of the Courts of Civil Appeals (142 S. W. xii) declares that an assignment of error must distinctly specify the grounds of error relied on and *distinctly set forth in the motion for a new trial in the cause,* and that a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error. No such motion for a new trial as is required by this rule was filed in the trial court. The grounds of the motion that was filed are as follows: (1) The court erred in overruling the defendant's general and special demurrers to plaintiff's petition. (2) The judgment was contrary to the law and the evidence.

[6, 7] The assignments here under consideration complain of the court's action in overruling the defendant's fourth special exception, his sixth special "exception to the alternative plea in plaintiff's petition," and in overruling his motion for a new trial, and it is apparent, of course, that no particular ground of error is distinctly set forth in defendant's motion for a new trial, and not having been so set forth, and the error assigned not being fundamental, must, under the rule referred to, be considered as waived. As has been shown in the former part of this

opinion, the defendant presented in the trial court six special demurrers to each count in the plaintiff's petition, making twelve special exceptions in all, the nature of neither of which, nor the specific error complained of, is pointed out in the motion for a new trial and the lower court's attention directed to the same for revision and correction. The rule applies whether the case was tried by the court with or without a jury. Astin v. Mosteller, 152 S. W. 496. That the assignment of error with the aid of the proposition advanced under it may be "clear and comprehensive" is not sufficient. The matter complained of must be distinctly and clearly set forth in the motion for a new trial. San Antonio Traction Co. v. Emerson, 152 S. W. 468. It has been repeatedly held that an assignment that the verdict or that the judgment was contrary to the law and the evidence was too general and would not be considered. But, if we were called upon, or felt disposed, to consider the assignments of error in question, we are not prepared to hold that either of them discloses reversible error.

There was no conflict in the evidence, and it was amply sufficient, under the rules of law applicable, to authorize and sustain the judgment rendered. Indeed, we think that, under the undisputed evidence, no other judgment should have been rendered. It is therefore affirmed.

Affirmed.