## VERCELLI v. PROVENZANO et al.
### No. 9391.

Court of Civil Appeals of Texas. Galveston.
Feb. 20, 1930.

Rehearing Denied April 24, 1930.

Heidingsfelder & Kahn and R. H. Ward, all of Houston, for plaintiff in error.

Robt. L. Sonfield, of Houston, for defendants in error.

PLEASANTS, C. J.

Plaintiff in error, who is hereinafter styled appellant, brought this suit against appellees, defendants in error, to establish and protect his alleged right and title in lands and premises described in the petition, the title to which is in the name of the defendant Charles Provenzano. As originally brought, the suit was against Charles Provenzano and wife, Ida Provenzano, and Lucy Vercelli, the wife of the plaintiff. Charles Provenzano died before service of citation was had upon him, and by amended petition his heirs, who are his minor children, were made defendants.

The amended petition alleges, in substance, that plaintiff and defendant, Lucy Vercelli, were married to each other in 1912, and that his said wife is a sister of Ida Provenzano, the wife of Charles Provenzano. That plaintiff and his wife purchased and became the owners in fee of lots 4 and 5 in block 5 of the W. A. Kirby addition to the city of Houston, for the purpose of building a home thereon, and that in pursuance of such purpose they borrowed from the National Bond & Mortgage Corporation on May 14, 1926, the sum of $2,750, and, to secure said loan, executed a trust deed upon the property above described and the improvements to be thereafter erected thereon. That said loan so made and secured was evidenced by a note for $3,000, payable in five annual installments of $150 each, with 6 per cent. interest payable annually. After five years the balance of said $3,000 note will become due and payable. This note further provides that failure to pay any installment that may become due or interest that may accrue thereon shall, at the option of the holder, mature the whole of the indebtedness. In addition to this $3,000 note, plaintiff also executed in favor of the mortgage corporation a note for $270. That with the money so obtained plaintiff constructed a dwelling house and other improvements on the property before described and he and his wife moved thereon in 1926 and have continuously since that time occupied the premises as their home, and plaintiff is still so occupying and claiming the premises as his homestead.

"Plaintiff further alleges that for the past twelve months a great deal of friction has existed between plaintiff and his wife progressing in its frequent intensity until said matters of difference between them have become so acute that plaintiff will be compelled to seek a divorce from his said wife a fact of which she is fully cognizant; that knowing the impossibility of plaintiff and his said wife continuing their marital relations in harmony and peace plaintiff's said wife and her sister Ida Provenzano and her husband Charles Provenzano combined, confederated and conspired together for the purpose of defrauding this plaintiff out of his interest in said property, which plaintiff avers to be of a reasonable market value of $10,000.00, and that, pursuant to said conspiracy it was agreed among them that plaintiff's said wife and her sister Ida Provenzano should repre-

sent to plaintiff that the said Charles Provenzano would buy from the National Bond and Mortgage Corporation the said two notes aforesaid and that the said Charles Provenzano after getting the title to said two notes vested in him, would protect the interests of this plaintiff in said homestead, and in order to do so, if necessary, he would have said property sold under said deed of trust and buy in said property in his own name, and hold the same in trust for plaintiff and his said wife, and would cause a sale to be made of said property, and after deducting from the proceeds of sale the amount due to said Charles Provenzano by virtue of said two notes aforesaid, the balance of said proceeds would be turned over to this plaintiff, and that in order to have said notes so transferred to said Charles Provenzano it would be necessary for plaintiff to go with the said Charles Provenzano to the office of the National Bond & Mortgage Corporation and there have these notes and deed of trust transferred to said Charles Provenzano; that the above representations were so made to this plaintiff by his said wife and her sister Ida Provenzano not only with the knowledge and consent and approbation of the said Charles Provenzano, but said representations were made at his instance and upon his request; that this plaintiff, believing said representations to be true, wholly relied upon the same, and was totally unaware that the whole transaction above described was concocted by all of said defendants for the sole purpose of getting the title to said property in the said Provenzano in order that he might defraud this plaintiff out of his interest in said property aforesaid, and give the same to plaintiff's wife as her separate property, after paying the said Provenzano the amount due him by said two notes aforesaid; that, pursuant to said representations, which plaintiff avers in this connection were false, untrue and fraudulent, and made to this plaintiff as aforesaid as a part of the plan and conspiracy of the defendants to defraud this plaintiff, on or about the 16th day of September, 1927, went with Charles Provenzano to the office of the National Bond & Mortgage Corporation and then and there advised said corporation that the assignment of said two notes and deed of trust securing same to the said Charles Provenzano was made with his approval, and thereupon, on said day, the plaintiff paid to said corporation the sum of $120.-00 being the full amount of interest due on said three thousand dollar note to May 15th, 1927. Thereupon on said date the said National Bond & Mortgage Corporation assigned and transferred to the said Charles Provenzano the said two notes aforesaid, and the said deed of trust securing same; that repeatedly since that time plaintiff requested said Charles Provenzano to foreclose said mortgage lien on said property and have same

sold, and, after paying himself, the amount due as evidenced by said two notes to divide the remainder equally between plaintiff and his said wife, but that said Charles Provenzano would always smile and make no reply whatsoever to this plaintiff's request, but plaintiff avers that Provenzano never did deny to him that he was holding said property as hereinbefore alleged, for and in behalf of this plaintiff and for the protection of plaintiff as hereinbefore stated (Tr. 8, 9 and 10).

"Plaintiff further averred that said Charles Provenzano never at any time denied to plaintiff that he held said property as a trustee for his benefit and he never demanded of this plaintiff at any time the payment of said two notes, and never did, at any time, notify this plaintiff that he intended to foreclose said deed of trust or that he had in any manner exercised the option to declare the principal and interest of said two notes due; on September 4, 1928, he caused the trustee the said Joe M. Green to foreclose said deed of trust lien upon said property and to sell the same and at such sale the said Charles Provenzano bought in said property, taking the title in his own name; that this plaintiff was never advised of the sale of said property nor the amount for which the said Charles Provenzano bought in said property, nor what credit by virtue of said sale the said Charles Provenzano gave this plaintiff on the debt evidenced by the said two notes. Plaintiff further averred that he was not aware of what notice of the sale of said property previous to the sale thereof was given by said trustee, nor how, in what manner said notice of sale was published or posted; that this defendant has never seen any of said notices and never heard of the sale of said property until he received a letter from the attorneys of said Charles Provenzano of date September 5th, 1928, demanding possession of said property as will be hereinafter set forth (Tr. 10–11).

"Plaintiff further averred that his said wife had threatened that she intends to leave plaintiff and go and live with her sister Ida Provenzano, and to take with her or dispose of the furniture and household goods which are in plaintiff's said home (Tr. 11). Plaintiff further averred that plaintiff's said wife will forsake his home and take up her residence with her sister, the same being a step in furtherance of the conspiracy hereinbefore alleged by plaintiff as against all the defendants in this cause, including his said wife, to defeat him out of his interest in said property as hereinabove set forth. Plaintiff further averred that for the purpose of carrying out said conspiracy the said Charles Provenzano through his attorneys Messrs. King, Battaile & Sonfield, in accordance with his instructions addressed to this plaintiff a letter which is in words and figures substantially as follows:

"'Houston, Texas, September 5, 1928.

"'Mr. J. D. Vercelli, 1130 Telephone Road, Houston, Texas.

"'Dear Sir: You are, of course, aware that the two notes executed by yourself and wife to National Bond and Mortgage Corporation and subsequently assigned to Charles Provenzano are past due. The payment of these notes was secured by a deed of trust on the premises which you and your wife now occupy. In accordance with the terms of said deed of trust said land and premises were sold by the trustee named in the deed of trust on Tuesday, September 4th, and same was bought in by Mr. Charles Provenzano, whom we represent.

"'Mr. Provenzano desires to obtain possession of this property at the earliest practicable time and desires that same be vacated within ten days from date hereof, and you will therefore consider this notice to so vacate.

"'Yours very truly,
"'King, Battaile & Sonfield
"'By Robt. L. Sonfield.'

"Plaintiff further averred that the said Charles Provenzano was trustee holding said property for the benefit and protection of the rights of this plaintiff and that, notwithstanding that fact as evidenced by said Provenzano's said letter of September 5th, 1928, hereinabove set forth, he repudiated his said fiduciary relation to this plaintiff, and endeavored to appropriate said property to his own use and benefit, and plaintiff averred that he verily believed that the defendant Ida Provenzano, either individually or as administratrix of the estate of said Charles Provenzano, deceased, will accomplish the nefarious purpose to do so, to plaintiff's damage in the sum of $15,000.00 unless restrained from so doing by both a temporary and permanent writ of injunction (Tr. 13).

"Plaintiff further averred that the said property is of the reasonable market value of $10,000.00, and that if same should be ordered sold under the decree of this Court the same will sell for that amount, and this plaintiff is willing that the proceeds of such shall be applied, first, to the payment to said estate of Charles Provenzano, deceased, of the full amount of the aforesaid two notes and interest, and in view of the contemplated separation between plaintiff and his said wife, that the balance of said proceeds should be equally divided between plaintiff and his said wife (Tr. 13).

"Plaintiff averred that if the Court should not deem it advisable to have said property sold, plaintiff alleged that upon being authorized to do so, financial arrangements can be made by plaintiff to pay off and take up said two promissory notes aforesaid and discharge them in full (Tr. 14).

"Plaintiff further averred that the property in controversy, towit: the homestead is of the reasonable value of $10,000.00 and that the debt evidenced by the notes and deed of trust executed in favor of the National Bond and Mortgage Company amounts to only about the sum of three thousand dollars; that at the time the said Charles Provenzano purchased said notes and said deed of trust, the same were not due, and said National Bond and Mortgage Company was perfectly willing to carry said indebtedness for plaintiff, but that even if said National Bond and Mortgage Company in the event of default being made by plaintiff in the payment of the installments due on said indebtedness had refused to carry the same further, this plaintiff was perfectly able to make arrangements for carrying said indebtedness because of the wide margin between the amount of said indebtedness and the actual mortgage value of the property, all of which facts were well known to the said Charles Provenzano and to plaintiff's wife and the defendant Ida Provenzano, and knowing that fact, they concocted said scheme to defraud him of his interest in said property, as hereinbefore set forth and charged; that if this plaintiff had not been induced by the representations of his said wife, the defendant Ida Provenzano and the said Charles Provenzano, as hereinabove set forth in this petition plaintiff could and would have arranged for an extension of his indebtedness should the same become necessary, and in the event of the necessity existing for said extension, plaintiff would have secured the same, but that said defendants Charles Provenzano, plaintiff's wife, and the said Ida Provenzano, knowing those facts, concocted the scheme hereinabove set forth whereby the title to said notes and lien securing the same should become vested in the said Charles Provenzano, and that then the said Charles Provenzano would foreclose said lien and buy in said property at such sale and repudiate the agreement to hold the same in trust for this plaintiff as hereinbefore alleged; that by reason of said conspiracy of said defendants as hereinabove narrated and alleged in this petition, this plaintiff was lulled into relying for his protection upon the said Charles Provenzano as hereinbefore stated, and therefore took no steps to have said notes and the lien securing the same extended, and which, he could and would have done but for his reliance upon the statements and acts of said defendants as hereinabove set forth. Plaintiff further averred that at the time of the purchase of said notes and lien by the said Charles Provenzano the said indebtedness was not due, and that all interest on same had been fully paid to the date of said transaction (Tr. 15).

"In his prayer plaintiff prayed for process against defendant including the minor children of Ida Provenzano and Charles Provenzano, deceased; he prayed for a temporary restraining order restraining Mrs. Ida Proven-

zano, as administratrix of the estate of Charles Provenzano, deceased, and individually from disposing of and selling said property and in any manner attempting either by force or an action at law, to dispossess this plaintiff from said property and that an injunction be issued in accordance with said restraining order and that upon the trial of said cause said writ of injunction be made perpetual; that upon trial of said cause plaintiff have judgment cancelling and setting aside the pretended sale of said property by the said trustee, Joe M. Green, and likewise setting aside and cancelling the trustee's deed to the said property to the said Charles Provenzano; that plaintiff have a decree adjudging and determining that said Charles Provenzano in the purchase of said notes and said deed of trust securing the same, did so as a trustee for the benefit of this plaintiff; that this Court will enter a proper decree authorizing the sale of said property under the orders of this Court, and that the proceeds of such sale be applied, first, to the discharge in full of said two notes and interest held by the estate of said Charles Provenzano, deceased, and that the remainder of the proceeds of said sale be divided equally between plaintiff and his wife Lucy Vercelli; that, in the alternative, should the Court not deem this relief advisable the Court will then authorize this plaintiff, by proper financial arrangements to liquidate and discharge in full the said two notes held by the said Charles Provenzano; that plaintiff have judgment against all of said defendants for his said damages as well as for costs of this suit and that this Court will grant and enter all other orders and decrees, both general and special, to which this plaintiff may be entitled either at law or in equity, to the same extent as if said relief were specially prayed for herein (Tr. 15, 16 and 17).

"On January 7, 1929, the defendant Ida Provenzano as administratrix of the estate of Charles Provenzano, deceased, filed her original answer as administratrix of the estate of Charles Provenzano, deceased, and in said answer set up:

" 'I. That there is a misjoinder of parties in that Lucy Vercelli, who is the wife of plaintiff, is joined herein as a defendant, and that said suit cannot be maintained as to her, she not being either a proper or necessary party or one against whom suit can be maintained by the plaintiff.

" 'II. That there is a misjoinder of causes of action in so far as concerns the joinder of Lucy Vercelli as a party defendant in that the cause of action against said Lucy Vercelli is totally disconnected and different from the cause of action as alleged against this defendant, and same cannot be properly joined.

" 'III. That there is a misjoinder of parties and causes of action in so far as concerns the minor defendants Agnes Provenzano, Jr., the cause of action as presented against them being in no manner connected with the cause of action as presented against the remaining defendants herein, including this defendant; that the cause of action as alleged against said minor defendants is not maintainable in the cause of action here presented against the remaining defendants or either of them, and they are not proper or necessary parties.'

"The prayer of the plea was that the defendant Lucy Vercelli be dismissed as party defendant; that said minor defendants be dismissed as parties defendants and that this defendant be also dismissed as a party defendant at plaintiff's cost, and for such other and further orders and decrees of the Court to which she may be justly entitled."

The defendant further answered by general demurrer and general denial.

The minor defendants by guardian ad litem filed similar pleas of misjoinder and a general demurrer to the petition. Upon a hearing in the court below on these pleas and demurrers, the pleas of misjoinder as to Lucy Vercelli were sustained and she was dismissed from the suit. The general demurrers of the defendants were also sustained, and, plaintiff declining to amend, his suit was dismissed.

█ We agree with appellant that the court erred in sustaining the general demurrers to the petition, and the pleas attacking his right to make his wife a party defendant in the suit, on the ground of misjoinder. The allegations of the petition show a cause of action in plaintiff against all of the defendants. If, as alleged in the petition, plaintiff's wife, in contemplation of the severance of their marital relation, joined with her sister and brother-in-law to induce the plaintiff, by fraud and false representations, to place it in the power of the brother-in-law to obtain title to the homestead premises jointly owned by her and plaintiff, for the purpose of having the title so obtained passed to her by her brother-in-law, it would be a blot upon the jurisprudence of this state to hold that our courts, which administer both law and equity, are impotent to furnish plaintiff any relief or protection against such wrong. All of the defendants named in the petition were directly interested in the subject-matter of the suit and were therefore proper parties to the suit. Alexander v. Alexander (Tex. Civ. App.) 265 S. W. 1072. The trial court overruled the pleas of misjoinder, except the plea as to the joinder of plaintiff's wife. The interest of none of the other defendants in the subject-matter of the litigation was more direct or more likely to be affected by the result of the suit. It is not shown by the record on what theory of law the plaintiff was denied the right to make his wife a defendant in the suit, and we can find no sound reason for the holding. When necessary for the protection of property rights, either spouse may sue the other. Newman v. Newman (Tex. Civ. App.) 86 S. W. 635; Mc-

Cartney v. McCartney, 93 Tex. 359, 55 S. W. 310.; Speer's Law of Marital Rights, § 434.

The brief filed by counsel for appellees contains an interesting discussion of the different kinds of trusts and seeks to show that the trust under which the petition alleges Charles Provenzano obtained the title to the land cannot be enforced by appellant without a tender of the money paid by Provenzano for the purchase of the notes from the mortgage company. This is not a suit to enforce a parol trust in land claimed to have been purchased by the defendant for the plaintiff. In such case the general equity rule requires the plaintiff, as a condition to the enforcement of the trust, to tender the defendant the amount paid by him for the land. But that rule is not applicable to the case pleaded by the plaintiff. Provenzano did not purchase land for plaintiff and take the title in his own name, but, according to the allegations of the petition, he, plaintiff's wife, and his wife's sister, by false and fraudulent representations and promises, induced plaintiff to have the notes and lien on the land transferred to him, with the fraudulent purpose and intention of securing title thereto by foreclosure of the deed of trust lien, and, in disregard of his promise and agreement with plaintiff, refusing to sell the premises, which it is alleged are worth $10,000, and divide equally between plaintiff and his wife the proceeds after repaying himself the amount paid for the notes with interest, but intending to convey the land to plaintiff's wife as her separate property. We can see no legal or equitable grounds for denying plaintiff the enforcement of the agreement alleged in his petition.

From these conclusions it follows that the judgment should be reversed, and it has been so ordered.

Reversed and remanded.