## FREEMAN et al. v. PARKS.

### No. 3500.

Court of Civil Appeals of Texas. El Paso.

Feb. 11, 1937.

T. W. Grobe, of Houston and J. E. Weisler, of Brenham, for appellants.

Albert Stone and John M. Mathis, both of Brenham, for appellee.

HIGGINS, Justice.

Ann Freeman, and others not necessary to mention, brought this suit against Mrs. Hattie Parks to cancel and set aside a conveyance by Ann Freeman to Mrs. Parks of a one-fourth interest in a mineral royalty interest in land owned by said Ann Freeman. Upon an instructed verdict, judgment was rendered for the defendant.

The petition seems to base the suit upon want of consideration, or at least grossly inadequate consideration, and fraud.

There is no evidence of an entire want of consideration. The undisputed evidence shows a consideration paid of at least $100. The evidence would have warranted a finding that the consideration was inadequate, but this fact alone is insufficient to cancel a voluntary conveyance. 7 Tex.Jur. p. 939, §§ 12 and 14; 9 C.J., p. 1175, § 35; 4 R.C.L., p. 501, § 15; Newman v. Newman (Tex.Civ.App.) 86 S.W. 635.

We are unable to determine just what character of fraud the petition undertakes to charge. Upon examination of the evidence no fraud whatever was proven, and the testimony of defendant's witnesses clearly shows none was practiced. The testimony of defendant's witnesses may be disregarded because the plaintiffs' evidence raises no issue of fraud.

In view of the highly speculative and uncertain value of the royalty interest at the time, it cannot be said the consideration was grossly inadequate.

The evidence shows Ann Freeman to be an aged negress, evidently ignorant, and the vigor of her mind perhaps somewhat impaired by old age, though there is no allegation that her mind was impaired.

Viewing the evidence in its aspect most favorable to appellants, it appears Ann Freeman was an aged, ignorant negress, and conveyed the royalty interest for an inadequate consideration. Under these circumstances, slight evidence of fraud practiced upon her by appellee inducing the conveyance would have sufficed to carry the case to the jury upon the issue of fraud (see authorities above cited, and Varner v. Carson, 59 Tex. 303, and Burch v. Smith, 15 Tex. 219, 65 Am.Dec. 154); but there is no such evidence of fraud shown by appellants, direct or circumstantial, and the defendant's evidence abundantly shows the contrary.

In the state of the evidence the verdict was properly instructed.

Affirmed.