MRS. EFFIE TRIMBLE V. CLARENCE E. FARMER ET AL

No. A-6175. Decided July 24, 1957.
Rehearing overruled October 2, 1957.
(305 S.W. 2d Series 157.)

534

*Frank R. Graves,* of Fort Worth, for Mrs. Effie Trimble, petitioner.

*Clarence E. Farmer,* and *Ruth T. Farmer,* Pro se, of Fort Worth, for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a suit brought by respondent, Clarence E. Farmer as plaintiff, for foreclosure of a tax lien against certain real estate situated in the City of Fort Worth, Texas. Suit was brought by plaintiff against respondent, Ruth Trimble Farmer, defendant, as independent executrix of the estate of Lucy O. Trimble, deceased. Petitioner, Mrs. Effie Trimble, a widow, with permission of the court, intervened in this suit resisting the foreclosure of the tax lien against the real estate in so far as her alleged 1/10th interest therein was concerned. The parties will bear the designation they had in the trial court.

The material facts are as follows: A. D. Trimble, father of defendant, Ruth Trimble Farmer (who is the wife of plaintiff, Clarence E. Farmer), and husband of Lucy O. Trimble, de-

ceased, (mother of defendant and mother-in-law of intervener), died testate in 1924 leaving a holographic will, under which will, deceased Lucy O. Trimble, remained in possession of the family homestead, which was community property, and continued to use same as her homestead until the time of her death. A. D. Trimble left surviving him his wife, Lucy O. and five children. Among these children were defendant and one A. E. "Bert" Trimble, the then husband of intervener. All taxes were paid on the homestead during the lifetime of A. D. Trimble. After his death, Lucy O. Trimble permitted the taxes on this homestead, and which is the property in litigation, to become delinquent. In the month of February, 1950, Bert Trimble died leaving a valid will by which he left all of his "estate, real, personal and mixed, of whatsoever kind we [he] may die possessed" to his widow, Effie Trimble. After Bert's death, the City of Fort Worth and the independent school district threatened to begin foreclosure proceedings against Lucy's homestead unless all the taxes were paid. Being without funds with which to pay these taxes, Lucy O. prevailed upon plaintiff to pay up all delinquent taxes in the sum of $2,274.00. Lucy O. requested the tax collector to execute an assignment of the tax lien to plaintiff in accordance with the provisions of Article 7345-a, Vernon's Annotated Texas Civil Statutes. The tax collector so executed such assignment of all tax liens on the property involved, and no attack is made on such assignment by any of the parties herein, except intervenor contends such lien did not cover her 1/10th interest in the property, she not having requested such assignment. Just prior to the time of the payment by plaintiff of these taxes, all of the Trimble children then living executed conveyances of their interest in this property to their mother, Lucy O. Intervenor did not convey her 1/10th interest to Lucy O. Lucy O. Trimble died testate in October, 1950 and by her will, duly probated, she left the whole of her estate to defendant, Ruth Trimble Farmer, and appointed defendant independent executrix of her estate without bond and free from control of the probate court. This suit then resulted from the efforts of plaintiff to collect his money, with interest which he had paid out in satisfaction of the delinquent taxes.

The case was tried before the court without a jury. Judgment was rendered for plaintiff and the property ordered sold. After the payment of the plaintiff's debt the remaining proceeds were ordered distributed, 9/10th to defendant and 1/10th to intervener. This judgment was affirmed by the Court of Civil Appeals. 296 S.W. 2d 580.

■ Intervener has three points of error in her application for writ of error. First, intervener claims the trial court erred in not sustaining her motion to dismiss this suit because the evidence shows that plaintiff and defendant are living together as husband and wife, and that under such circumstances the husband cannot sue the wife. This point is overruled. Defendant was the legally qualified independent executrix of the estate of Lucy O. Trimble, deceased. Plaintiff had a valid and sustaining claim against this estate. To recover on his claim it became necessary that plaintiff file this suit for a foreclosure of his tax lien. When it is necessary for the protection of property rights either spouse may sue the other. McCartney v. McCartney, 1900, 93 Texas 359, 55 S.W. 310; Kelly v. Gross, 4 S.W. 2d 296 (3), Texas Civ. App., 1928, er. ref.; Newman v. Newman, 86 S.W. 635, Texas Civ. App., 1905, no writ history; Wright v. Wright, 155 S.W. 1015, Texas Civ. App., 1913, no writ history; Vercelli v. Provenzano, 28 S.W. 2d 316 (3), Texas Civ. App., 1930, no writ history.

■ The second point of error urged by intervener is that it was error for the trial court to render a judgment fixing and foreclosing the tax lien against the 1/10th interest in the property owned by intervener. In the proper disposition of this point we must discuss the points of error urged by plaintiff and defendant in their respective applications for writ of error. First they contend that under the will of A. D. Trimble, the widow, Lucy O. Trimble, took the legal title to the whole of A. D. Trimble's estate with only a contingent remainder in favor of the children in any of the estate on hand at the death of Lucy O. It is contended that at the time of the death of Bert Trimble he had no interest in the estate of A. D. Trimble which he could devise to his wife, Effie Trimble, the intervener herein. A. D. Trimble's will read as follows: "I, A. D. Trimble, Tarrant County, Texas, hereby declare this to be my last will. I appoint my wife, Lucy O. Trimble my Executor and Trustee her Life. After her death the property will go to the children. In witness whereof I the said A. D. Trimble had hereunto set my hand this is Oct. 25-year 1913." In the case of Gulliams v. Koonsman, 154 Texas 401, 279 S.W. 2d 579 (3), 1955, we said:

"* * * No particular form of words is necessary to the creation of a life estate, 28 Texas Jur., Life Estates, Sec. 4, p. 54. 'It has been said that where the construction of a will devising property to one and his children is doubtful, the courts lean toward giving the parent a life estate, and that even a slight indication of an intention that the children shall not take jointly

with the parent will give a life estate to the parent with a remainder to the children.' 33 Am. Jur. 474."

The wording of the will passes an estate for life to Lucy O. Trimble with remainder to "the children" of A. D. and Lucy O. Trimble. The record shows that all "the children" were born to the marriage of A. D. and Lucy O. Trimble and that the property in controversy was their community homestead. Plaintiff and defendant claim the will sets up a trust in the property to last during the lifetime of Lucy O. Trimble and conveys the legal title to her absolutely. It is further claimed that no child had any interest in the property so long as Lucy O. Trimble lived. We agree with the court in its construction of the will as vesting the title to A. D. Trimble's one-half interest in this property in the children, subject to a life estate in Lucy O. Trimble. No trust was created because no obligations were imposed upon Lucy O. Trimble as trustee, nor are any diretions given her as to how to administer the trust. No purpose is stated for which the trust was created. When A. D. Trimble says he appoints Lucy O. Trimble his "executor and trustee her life," he means for her to have the use and control of his property for her lifetime. His intention for the children to have the remainder is clearly shown by his language "after her death the property will go to the children." He uses the words executor and trustee as having the same meaning and to describe the same capacity. He was not a man versed in the law, and there is nothing in his will which shows he had any intention of creating a trust for the benefit of his children. Therefore, we hold his will gave a life estate in his property to Lucy O. Trimble with remainder to his five children. This remainder was a vested remainder and not a contingent remainder. Perhaps the leading case in our jurisdiction on vested and contingent remainders is the case of Caples v. Ward, 1915, 107 Texas 341, 179 S.W. 856, 857. In that case the court said:

"A remainder is vested where there is a person in being who would have an immediate right to the possession upon the termination of the intermediate estate. It is an immediate right of present enjoyment, a fixed interest, with only the right of possession postponed until the ending of a particular estate. 4 Kent, 202; Bufford v. Holliman, 10 Texas 560, 60 Am. Dec. 223. * * *

"The law favors the vesting of estates at the earliest possible period, and will not construe a remainder as contingent where it

can reasonably be taken as vested. Bufford v. Holliman; Doe v. Considine, 6 Wall. 458, 18 L. Ed. 869."

It is noted that A. D. Trimble gave his wife no power of disposition over any part of his estate. The will clearly provides that when Lucy O. dies the property shall go to the children. This is the property owned by A. D. Trimble at the time of his death. Bert Trimble being alive at the time of A. D. Trimble's death Bert's 1/10th interest in the property vested in him at that time. By Bert Trimble's will this property interest was devised to intervener, Effie Trimble, and she is now the owner of such 1/10th interest in the property.

■ Intervener contends that the trial court's judgment ordering her 1/10th interest in the property sold to pay off the tax lien is erroneous. Intervener reasons that since Lucy O. Trimble had only a life estate in intervener's 1/10th interest, Lucy O. Trimble had the duty to pay the taxes on the whole of the estate, and no right to encumber intervener's 1/10th interest with a tax lien. We agree with this contention of intervener. The whole of the property was subject to taxation. Article 8, Section 1, Constitution of Texas; Article 7145, Vernon's Annotated Texas Civil Statutes. Lucy O. Trimble had a life estate in the whole of the property and it was her duty to render the whole of the property for taxation each year. Articles 7151, 7152, and 7161, Vernon's Annotated Texas Civil Statutes. That she had control of this property during her lifetime is not disputed, and Article 7161, supra, specifically requires all persons having control of property to render the same annually for taxation. The annual assessment of taxes against landed property makes the taxes a lien on such property until same have been paid. Article 8, Section 15, Constitution of Texas; Article 7172, Vernon's Annotated Texas Civil Statutes.

The intervener has a right to require that all the taxes be paid out of the estate of Lucy O. Trimble if that estate is of sufficient value. It is a well recognized rule of law that it is the duty of a life tenant in possession of real estate to pay the ordinary taxes thereon in the absence of some contrary intention manifested by the creator of the life tenancy and remainder. 17 A.L.R. 1385, Annotations, Real Estate I, a. The life tenent cannot acquire a title derived from a sale of the land for taxes against the remainderman; idem. 1399, annotation, VII; 94 A.L.R. 311, Annotations; 126 A.L.R. 863, Annotations, I,a; 28 Texas Jur. 61, Sec. 9.

■ The case of Sargeant v. Sargeant, 1929, 118 Texas 343, 15 S.W. 2d 589, 594, discusses the right of a life tenant and the remaindermen in regard to liability for taxes and other expenditures by the life tenant. This court said in that case:

"We are further of the opinion that under he common law the owner of the life estate is liable for current taxes. Richardson v. McCloskey (Texas Com. App.) 276 S.W. 681; 37 Cyc. p. 790 (c); 1 Washburn on Real Property, p. 30; 13 R.C.L. p. 669, Sec. 125; Thompson on Real Property, Sec. 739. * * *

\* \* \*

"We therefore conclude that the appellant has no right to charge the heirs of the deceased wife with expenses incurred by him in making ordinary repairs and paying current taxes on the one-half interest in the property heired by them from their deceased mother, and held by appellant as a homestead."

Article 7345a sets out a method whereby one paying taxes due against property may receive a transfer of the tax lien against the property. Lucy O. Trimble owned outright an undivided nine-tenths interest in this property. She held a life estate only in the one-tenth interest owned by intervener. Lucy O. Trimble was liable for the taxes assessed against this one-tenth interest. Lucy O. Trimble could not encumber nor convey this one-tenth interest, except for the period of her life. Art. 7345a specifically requires that for a disinterested third party to acquire the tax lien against any property by the payment of taxes thereon, such third party must deliver to the proper taxing official, authorized to collect the taxes, a request of "the owner of said property." It further provides that the tax lien may be transferred under the conditions set out in Art. 7345a, "and not otherwise."

Lucy O. Trimble being unable to encumber or convey intervener's one-tenth interest in the property, she was not an "owner" of such one-tenth interest so that she could request the taxing authorities to transfer the tax lien to plaintiff. Lucy O. Trimble's life estate in the one-tenth interest of the intervener ceased to exist upon the death of Lucy O. Trimble. Intervener did not request a transfer of the tax lien to plaintiff. Plaintiff therefore has no lien on the one-tenth interest. He has a valid and enforcible lien upon the nine-tenths interest in the property owned by Lucy O. Trimble. It is only this nine-tenths interest which may be sold for the payment of the amount paid

by plaintiff to the taxing authorities in satisfaction of the taxes owed by Lucy O. Trimble. As to intervener's one-tenth interest, plaintiff was a mere volunteer, and has no lien against the one-tenth.

The judgments of both courts below are reversed in so far as they direct a sale of intervener's one-tenth interest. Intervener shall have her one-tenth interest free and clear of all taxes, costs, or other charges. In all other respects the judgment of the trial court is affirmed.

Opinion delivered July 24, 1957.

Rehearing overruled October 2, 1957.