**E. M. RUSSELL, M. D., et al., Appellants,**

**v.**

**Grace GARRETT et al., Appellees.**

**No. 16647.**

Court of Civil Appeals of Texas.

Fort Worth.

June 18, 1965.

Borden, Hand & Zellers and I. B. Hand, Weatherford, for appellants.

Fulgham & Grogan and Frank E. Fulgham, Weatherford, for appellees.

LANGDON, Justice.

This appeal is from two cases, consolidated by agreement for trial, involving the construction of a single will.

The pertinent facts stipulated to by the parties and appearing of record are:

July 27, 1900—T. S. and Emma Cogdell were married. There were no children of the marriage by adoption or otherwise. Their marriage to one another was the only marriage for either. Prior to marriage a 570 acre tract of land was conveyed to T. S. Cogdell and subsequent to marriage a 112 acre tract was conveyed to him.

April 10, 1920—T. S. and Emma Cogdell executed a joint, mutual and contractual will.

July 23, 1920—T. S. Cogdell died.

October, 1920—Emma Cogdell probated the joint will as the will of T. S. Cogdell and qualified as the independent executrix of the estate. She took possession of all the community and separate property belonging to her and to T. S. Cogdell to the exclusion of the legatees and devisees under the will and all others. She leased the two tracts of land for several years and sold various other tracts of land inventoried in the T. S. Cogdell estate and appropriated the proceeds derived from lease and sales exclusively to her own use and benefit. All debts, if any, owed by T. S. Cogdell at the time of his death were paid.

Under the provisions of the joint will the survivor was to receive a life estate in all property, real, personal and mixed without the power to sell any of the real estate, "with remainder in fee as follows. * * *"

The defendants and cross-plaintiffs (appellees herein) are the legatees and devisees named in the will of T. S. and Emma Cogdell to receive the remainder estate.

January 29, 1963—Emma Cogdell died in Weatherford, Parker County, Texas. The joint will probated in 1920 as the will of T. S. Cogdell was probated as the will of Emma Cogdell. It was not opposed.

All of the property listed in the inventory of the T. S. Cogdell estate, except the two tracts of land above described, was disposed of by Emma Cogdell during her lifetime and the proceeds appropriated to her use and benefit. There is no other property in the Emma Cogdell estate.

January 4, 1964—Parker County, Texas, owner and operator of Campbell Memorial Hospital, and E. M. Russell, M. D., in separate suits filed in the District Court obtained judgments against Grace Garrett, administratrix of the estate of Mrs. T. S. (Emma) Cogdell. The plaintiffs (appellants herein) in the two causes of action above described thereafter filed separate suits against Grace Garrett, individually and as administratrix of the Estate of Mrs. T. S. (Emma) Cogdell, deceased, and the remaindermen or representatives thereof under the joint will of T. S. and Emma Cogdell, seeking to subject the two remaining tracts of land, previously described, to liens for payment of the two judgments. The defendants (appellees herein) filed cross-actions in trespass to try title.

Trial to the court without a jury resulted in judgment that plaintiffs (appellants) take nothing as to their suits and that the defendants recover title and possession of the tracts of land from plaintiffs.

By three points of error the appellants contend the court erred in holding that title to the two tracts vested in appellees upon the death of T. S. Cogdell in 1920 and were not subject to liens or charge for the payment of the debts of Emma Cogdell, deceased, including expenses of the administration of her estate.

We affirm.

"A remainder is vested where there is a person (or persons) in being who would have an immediate right to possession on

the termination of the intermediate estate. It is an immediate right of present enjoyment, or a present right of future enjoyment; * * *." 37 Tex.Jur.2d 41, "Life Estates, Remaindermen, Etc.", § 23. In § 22, page 40 of the same text it is stated, "The law favors the vesting of estates at the earliest possible period. Accordingly, a remainder will not be construed as contingent where it can reasonably be taken as vested." Caples v. Ward, 107 Tex. 341, 346, 179 S.W. 856 (1915); Moore v. Moore, 198 S.W. 659 (San Antonio Civ.App., 1917, ref.); Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588 (1954), and cases cited therein.

At the death of T. S. Cogdell in 1920 the remaindermen each took a vested remainder subject to Emma Cogdell's life estate. Having probated the will and having accepted the benefits thereunder, she was estopped to change any of its provisions. Any change in the will or the handling of the estate of Emma Cogdell in a manner repugnant thereto could not have affected the rights of the beneficiaries thereunder. The 1920 joint will attached to that property belonging to T. S. and Emma Cogdell at the time of T. S. Cogdell's death. Murphy v. Slaton, and Moore v. Moore, supra.

In the latter case it was held that at the time Mrs. Moore signed a note and deed of trust she owned only a life estate which terminated on her death and the holder of the note was limited to the exact title she had. She could mortgage only her life estate. Upon her death the life estate terminated and the remaindermen obtained their portion of the estate free from the debt. See also Larrabee v. Porter, 166 S.W. 395 (Austin Civ.App., 1914, ref.).

We find no merit to appellants' contentions that Emma Cogdell "elected not to take under the will of T. S. Cogdell", or that since the joint will was contractual in nature the provision in paragraph one directing "our just debts be paid as soon as the same can be conveniently done", would subject the two tracts of land and in particular the community tract to the debts of Emma Cogdell.

The fact that Emma Cogdell disposed of all of the personal property of the estate and in spite of the prohibition against it sold certain other tracts of land inventoried in the T. S. Cogdell estate is a matter between her and the remaindermen. It did not alter the rights of the latter under the joint will or the status of the property. Trimble v. Farmer, 157 Tex. 533, 305 S.W. 2d 157 (Tex.Sup.Ct., 1957).

"It is a well settled rule that life estates in personal property are not favored. By this is meant that the first taker will be given an absolute fee, instead of a life estate, unless the language of the instrument clearly and unequivocally manifests a different intention. It is also well settled that as regards personal property, language that usually confers a life estate, unless followed by a gift over, vests title absolutely." 37 Tex.Jur.2d, "Life Estates, Remainders, Etc.", p. 14, § 6, and cases cited.

All points of error are overruled and the judgment of the trial court is affirmed.