

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00873-CV

Gerardo D. **GOMEZ**,
Appellant

v.

Bernadette M. **GOMEZ**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-15436
Honorable Marisa Flores, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
             Liza A. Rodriguez, Justice
             Lori Massey Brissette, Justice

Delivered and Filed: December 4, 2024

AFFIRMED

Gerardo D. Gomez appeals from an order denying his request to terminate his obligation to pay taxes on real property awarded to him in a divorce decree. We affirm.

### BACKGROUND

Gerardo and Bernadette M. Gomez divorced on April 29, 2014. The final decree of divorce awarded Gerardo, as his sole and separate property, "all rights, title, and interest in and to the real property and residence situated at 12\*\*\* Lisianthus, San Antonio, Texas" (hereinafter,

"the Lisianthus property"). However, the decree also awarded Bernadette a life estate in the Lisianthus property. The decree ordered Gerardo to pay Bernadette spousal support of $1,500.00 each month until further order of the court. The decree further provided that "all mortgage loan payments made by Gerardo" "in the current amount of $2,228.99" "shall be an additional spousal support obligation."

Almost nine years later, on February 21, 2023, Gerardo petitioned the court to modify his spousal maintenance obligation. Bernadette opposed Gerardo's petition. At a hearing, the evidence established that Bernadette had been involved in a romantic relationship for years, and she and her boyfriend had been living at the Lisianthus property on a continuing basis. Based on section 8.056(b) of the Texas family code,[1] Gerardo asked the trial court to terminate his obligation to pay Bernadette $1500.00 per month in spousal support as well as his obligation to pay the taxes on the Lisianthus property. Gerardo also asked the trial court to order Bernadette to pay the taxes on the Lisianthus property. Specifically, Gerardo's counsel argued:

> We are not asking that [Bernadette] be kicked out of the house, because she can't. There's another provision in the order that says she has a life estate. As part of a life estate, if anybody has done probate, [Gerardo] has to pay the mortgage and he has to pay the insurance. But she's required to pay the taxes and maintain the property. That's pretty much it. He just wants to get rid of the $1500.00 and [have] her start paying the taxes and the HOA [dues], Judge.

At the end of the hearing, the trial court granted Gerardo's request to terminate his obligation to pay Bernadette $1500.00 per month in spousal support, but it denied his request to

---

[1]Section 8.056(b) of the Texas family Code provides:

> After a hearing, the court shall order the termination of the maintenance obligation if the court finds that the obligee cohabits with another person with whom the obligee has a dating or romantic relationship in a permanent place of abode on a continuing basis.

TEX. FAM. CODE § 8.056(b).

terminate his obligation to pay the taxes and the homeowners association dues on the Lisianthus property. Gerardo appealed.

## FAILURE TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW

Gerardo complains the trial court erred by failing to file findings of fact and conclusions of law.

Rule 296 of the rules of civil procedure states that a party's request for findings of fact and conclusions of law must be filed within twenty days after the judgment is signed. TEX. R. CIV. P. 296; *see Rojas-Silva v. State ex rel. Rojas*, No. 04-13-00642-CV, 2014 WL 4437798, at *1 (Tex. App.—San Antonio Sept. 10, 2014, no pet.). If the trial court fails to file findings of fact and conclusions of law in response to a timely request, the party making the request must file a "Notice of Past Due Findings of Fact and Conclusions of Law" within thirty days after filing the initial request. TEX. R. CIV. P. 297; *Rojas-Silva*, 2014 WL 4437798, at *1. "If a party does not file a notice of past due findings of fact and conclusions of law when required, it is as if no initial request was made and the complaint about the trial court's failure to file findings and conclusions is waived." *In re A.I.G.*, 135 S.W.3d 687, 694 (Tex. App.—San Antonio 2003, no pet.); *see Rojas-Silva*, 2014 WL 4437798, at *1.

Here, Gerardo complains the trial court erred by not filing findings of fact and conclusions of law. Although Gerardo arguably made a timely initial request for findings of fact and conclusions of law, he failed to file a notice of past due findings of fact and conclusions of law. *See* TEX. R. CIV. P. 297; *Rojas-Silva*, 2014 WL 4437798, at *1. Accordingly, Gerardo's complaint about the trial court's failure to file findings of fact and conclusions of law is waived. *See In re A.I.G.*, 135 S.W.3d at 694; *Rojas-Silva*, 2014 WL 4437798, at *1.

**FAILURE TO TERMINATE OBLIGATION TO PAY TAXES**

Next, Gerardo complains the trial court abused its discretion by not terminating his obligation to pay taxes on the Lisianthus property.[2]

We review an order from a request to modify or terminate spousal maintenance for an abuse of discretion. *Bolda v. Bolda*, No. 02-18-00307-CV, 2019 WL 6334706, at *4 (Tex. App.—Fort Worth Nov. 27, 2019, no pet.); *Nesbitt v. Nesbitt*, No. 03-06-00025-CV, 2009 WL 1896074, at *2 (Tex. App.—Austin July 1, 2009, no pet.). A trial court abuses its discretion if it acts without reference to guiding rules and principles or in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

To support his complaint, Gerardo focuses on the language in the divorce decree characterizing the mortgage loan payments on the Lisianthus property as "an additional spousal support." Gerardo contends that because he met his burden to show he was entitled to termination of spousal support under section 8.056(b) of the Texas family code, and because language in the decree characterizes the mortgage loan payments as "an additional spousal support," the trial court was required to terminate his obligation to pay taxes on the Lisianthus property. *See* TEX. FAM. CODE § 8.056(b). Additionally, Gerardo contends the owner of a life estate is ordinarily responsible for paying taxes and mortgage interest on real property. *See Trimble v. Farmer*, 305 S.W.2d 157, 161 (Tex. 1957) (recognizing it is ordinarily the duty of a life tenant in possession of real estate to pay the taxes thereon absent some contrary intention).

---

[2] To the extent Gerardo also complains the trial court abused its discretion by not terminating his obligation to pay mortgage interest on the Lisianthus property, we conclude his complaint is not preserved for our review. Because Gerardo did not ask the trial court to terminate his obligation to pay mortgage interest, he has waived this complaint on appeal. *See* TEX. R. APP. P. 33.1; *In re R.H.B.*, 660 S.W.3d 136, 158 (Tex. App.—San Antonio 2022, orig. proceeding [mand. denied]) (holding appellant waived complaint to appellate court when he did not present it to the trial court).

"Like other judgments, courts are to construe divorce decrees as a whole toward the end of harmonizing and giving effect to all that is written." *Wilde v. Murchie*, 949 S.W.2d 331, 333 (Tex. 1997). Here, although one section of the divorce decree characterizes the mortgage loan payments on the Lisianthus property as "an additional spousal support," another section of the divorce decree expressly orders Gerardo to pay "[a]ll encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the property awarded herein to him." The decree awarded Gerardo the Lisianthus property as his sole and separate property. Therefore, according to the express terms of the decree, Gerardo is obligated to pay the taxes on it. Additionally, the Texas family code prohibits courts from amending, modifying, altering, or changing the division of property made or approved in the divorce decree. *See* TEX. FAM. CODE § 9.007(a). Because Gerardo's obligation to pay taxes on the Lisianthus property was part of the property division in the divorce decree, the trial court was precluded from changing it in a post-divorce suit. *See id.*; *In re Marriage of Clark*, No. 07-02-0285-CV, 2004 WL 350988, at *3 (Tex. App.—Amarillo 2004, no pet.) (concluding the trial court lacked jurisdiction in a post-divorce suit to enter a judgment relieving husband from paying interest mandated by the divorce decree). Therefore, the trial court did not abuse its discretion by denying Gerardo's request to terminate his obligation to pay the taxes on the Lisianthus property.

CONCLUSION

The trial court's judgment is affirmed.

Liza A. Rodriguez, Justice